Gerard P. Fox (SBN 151649)
gfox@gerardfoxlaw.com
Brent J. Lehman (SBN 282149)
blehman@gerardfoxlaw.com
Gerard Fox Law P.C.
1880 Century Park East, Suite 1410
Los Angeles, California 90067
Telephone:   (310) 441-0500
Facsimile:   (310) 441-4447

*Attorneys for Plaintiff*
*BMG Rights Management*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC,<br><br>                Plaintiff,<br><br>v.<br><br>JOYY INC., *et al*.,<br><br>                Defendants. | Case No.: 2:22-cv-01578-MCS-RAO<br><br>Assigned to Hon. Mark C. Scarsi<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT BIGO TECHNOLOGY LIMITED'S MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Date:   November 21, 2022<br>Time:  9:00 a.m.<br>Place:  Courtroom 7C<br><br>Complaint Filed:  March 9, 2022 |

## TABLE OF CONTENTS

I.   SUMMARY OF ALLEGATIONS ................................................................... 2

II.  ARGUMENT .................................................................................................... 4

    A. Applicable Standard ................................................................................ 4

    B. Plaintiff Stated a Direct Copyright Infringement Claim ........................... 5

    C. Plaintiff Stated a Contributory Infringement Claim .................................. 8

III. CONCLUSION ............................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*A&M Records, Inc. v. Napster, Inc.*,
 239 F.3d 1004 (9th Cir. 2001) ............................................................................. 9

*ALS Scan, Inc. v. Cloudflare, Inc.*,
 2017 WL 11579039 (C.D. Cal. June 1, 2017) ...................................................... 11

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ............................................................................................ 14

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .............................................................................................. 9

*DISH Network L.L.C. v. Jadoo TV, Inc.*,
 2020 WL 5816579 (N.D. Cal. Sept. 30, 2020) ............................................... 10, 12

*Erickson Prods., Inc. v. Kast*,
 921 F.3d 822 (9th Cir. 2019) ............................................................................... 12

*Gutenberg v. Move, Inc.*,
 2021 WL 5494160 (C.D. Cal. Nov. 22, 2021) .................................................... 11

*Hall v. City of Santa Barbara*,
 833 F.2d 1270 (9th Cir. 1986) .............................................................................. 8

*Jones v. L.A. Central Plaza, LLC*,
 2022 WL 1559717 (C.D. Cal. April 29, 2022) .................................................... 13

*Lee v. City of Los Angeles*,
 250 F.3d 668 (9th Cir. 2001) ................................................................................. 8

*Lights Out Prods., LLC v. Triller, Inc.*,
 2022 WL 2159278 (C.D. Cal. Apr. 27, 2022) ....................................................... 8

*Little Orbit LLC v. Descendent Studios Inc.*,
 2020 WL 6595021 (C.D. Cal. Sept. 4, 2020) ........................................................ 8

*Long v. Dorset*,
 854 F. App'x 861 (9th Cir. 2021) .................................................................... 5, 10

*Navarro v. Block*,
 250 F.3d 729 (9th Cir. 2001) ................................................................................. 9

*Paramount Pictures Corp. v. Primewire*,
 2022 WL 423408 (C.D. Cal. Jan. 7, 2022) .......................................................... 12

*Park v. Thompson*,
 851 F.3d 910 (9th Cir. 2017) ................................................................................. 8

*Perfect 10, Inc. v. Giganews, Inc.*,
  847 F.3d 657 (9th Cir. 2017) .................................................................................... 10

*Porter v. Jones*,
  319 F.3d 483 (9th Cir. 2003) ...................................................................................... 8

*Scheuer v. Rhodes*,
  416 U.S. 232 (1974) ................................................................................................... 9

*Sebastian Int'l, Inc. v. Russolillo*,
  128 F. Supp. 2d 630 (C.D. Cal. 2001) ....................................................................... 8

*Tyler v. Cisneros*,
  136 F.3d 603 (9th Cir. 1998) ..................................................................................... 9

*United States v. City of Redwood City*,
  640 F.2d 963 (9th Cir. 1981) ..................................................................................... 9

*VHT, Inc. v. Zillow Grp., Inc.*,
  918 F.3d 723 (9th Cir. 2019) .............................................................................. 10, 12

*Williamson v. Gen. Dynamics Corp.*,
  208 F.3d 1144 (9th Cir. 2000) ................................................................................... 9

**Other Authorities**

4 Nimmer on Copyright § 13.08[C][1] ........................................................................ 10

**Rules**

Fed R. Civ. P. 8 ............................................................................................................. 8

Fed. R. Civ. P. 12 ................................................................................................. 8, 9, 13

Defendant Bigo Technology Limited ("Bigo")'s own authority disposes of its motion, since it imposes direct infringement liability under the Copyright Act whenever defendant "instigated any copying," yet Bigo simply ignores all the allegations in Plaintiff's complaint establishing as much and calls it a day. (Def. Br. at 6:1-6, citing *Long v. Dorset*, 854 F. App'x 861, 863 (9th Cir. 2021).)[1] The rest of its argument fares no better.

Plaintiff BMG Rights Management (US), LLC ("BMG")'s Third Amended Complaint ("TAC") is replete with allegations identifying the specific conduct regarding infringement and Bigo's specific knowledge of infringing conduct. Bigo's social media application "Likee" directly copies and publishes copyrighted music without a license. Likee – a rip-off version of TikTok – is a social media application based on user-generated short video content. As with all social media companies, Likee seeks to capitalize on subconscious – biological responses in the brain – to drive user engagement. Capitalizing on the "dopamine hit" generated by viewing desirable content on the users' phones, Likee seeks to have users spending as much time as possible in the application, encouraging an addiction to social media.

Likee's content is driven by the music. As the Likee tutorials tell new users, music selection is key to obtaining popularity on the platform. Popularity, in turn, is all that matters to users on Likee. The entire point of the platform is for users to gain their brief moment in the spotlight and attempt to "go viral" with other users. Unfortunately, Likee steals music from artists, songwriters, and publishing companies in attempt to drive revenue for the application without paying for the right to publish, perform, or disseminate the music. Every day, Likee users upload music to Likee for publication, performance, and dissemination -- without properly licensing the works

---

[1] All internal alterations, quotation marks, footnotes and citations herein are omitted, and all emphasis is added unless otherwise noted.

-- in order to gain interaction from users. In keeping with Bigo's attempt to copy TikTok, the Likee application makes no attempt to obtain the proper licenses for copyrighted materials in order to save money an attempt to grow and achieve market share in this highly competitive and highly profitable arena.

Bigo knows the Likee application infringes on BMG's rights.  The Likee application specially encourages users to upload music and prompts users to use the unlicensed music uploaded by third parties in their own videos and users with large followings are promoted by Likee for weeks after their initial post. The application includes identification of user's music as "licensed" or not show that Bigo knows and identifies all infringing material as something other than licensed. Bigo even conducted an investigation into the unlicensed use of BMG's music in response to Plaintiff's initial complaints, meaning that Bigo's key employees were aware of the infringing behavior.  Bigo nevertheless makes this motion by attempting to stretch and draw all inferences in its own favor to craft its arguments.

BMG respectfully requests this Court deny Bigo's motion based on the plain reading of the allegations contained therein and all reasonable inferences most favorable to Plaintiff.

## I. SUMMARY OF ALLEGATIONS

BMG is a worldwide music publisher and record label that represents hundreds of artists and songwriters and owns copyrights to over three million musical compositions and hundreds of thousands of sound recordings, and licenses those works in order to support artists and songwriters who depend on royalty payments to earn a living.  (Third Amended Complaint hereinafter "TAC" ¶ 1.)  Defendant Bigo is a technology company that created a social application called "Likee" that operates much like TikTok, encouraging tweens and teens to attempt to go viral with their user generated short video content. (TAC ¶ 2-4.)  Bigo is aware the Likee application blatantly infringes copyrighted materials but has no interested in properly licensing

the material.[2] (TAC ¶ 48.)  The most salient allegations for the purposes of the underlying motion are as follows:

Likee is a video-based social media application owned and operated by Defendant Bigo. (TAC ¶ 23.)  Likee seeks user engagement by encouraging users to post video content in an attempt to go viral.  Likee promotes popular video to users in an effort to keep them engaged with the application. (TAC ¶ 27.)  Music is a central feature of the application.  Bigo encourages users to upload "their own" music to the platform for use on the short videos. (TAC ¶ 29.)  The processes is not only allowed, it is encouraged and solicited by Bigo. (TAC ¶ 31-32.)  Through its "Creator Academy" the Likee application teaches users how to create popular content. (TAC ¶ 31) Likee tells users that better music will help them go viral. *Id*.

Music that is uploaded from a user's iTunes library is copied by the Likee application and published to other users around the world.  (TAC ¶ 32.) The Likee application not only allows users to upload music from their iTunes library, it also allows users to search for uploaded music and use that audio file for their own videos. (TAC ¶ 33.)  In short, Bigo copies and publishes unlicensed music around the world and then actively encourages and facilitates further publication by goading more users to use the unlicensed music.

The Likee application facilitates unauthorized use of BMG's library by promoting popular videos with unlicensed music. (TAC ¶ 34.)  Often, the videos with unlicensed music are published and promoted to users days or even weeks after the original publications. (TAC ¶ 41.)  This means the Likee applications' algorithms are actively promoting the publication rather than merely allowing users to come across the content on their own.

---

[2]   Bigo's own lawyers barely defend this principle by arguing that Bigo is "indifferent to the risk of copyright infringement generally" Bigo Mtn. pg 9 ln-26-28.

3

PLAINTIFF'S OPPOSITION TO DEFENDANT BIGO TECHNOLOGY
LIMITED'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

Bigo knows that unlicensed use of the Bigo's copyrighted material is occurring on the platform. First, the Likee application identifies videos using licensed audio files as "licensed music." (TAC ¶ 35.) Videos with unlicensed audio files and content are designated as "Original Content." *Id*. Bigo actively makes this distinction on every single video and thus Bigo has actual knowledge that the application illegally publishes copyrighted music. (TAC ¶ 44.) Further, sometime after BMG informed Bigo that the Likee application was infringing on BMG's copyrights, Bigo investigated use of the Works on the platform. (TAC ¶ 51-53.) BMG is informed and believes that Bigo's investigation uncovered specific instances of infringing conduct with respect to the Works. (TAC ¶ 52.)

## II. ARGUMENT

### A. Applicable Standard

"[I]t is axiomatic that the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Sebastian Int'l, Inc. v. Russolillo*, 128 F. Supp. 2d 630, 633 (C.D. Cal. 2001), citing *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint generally must satisfy **only the minimal** notice pleading requirements of [Federal] Rule [of Civil Procedure] 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). As such, Plaintiff is required to provide nothing more than "a short and plain statement of the claim showing that the pleader is entitled to relief." *Little Orbit LLC v. Descendent Studios Inc.*, 2020 WL 6595021, at *2 (C.D. Cal. Sept. 4, 2020).

On a motion to dismiss, "a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff." *Lights Out Prods., LLC v. Triller, Inc.*, 2022 WL 2159278, at *1 (C.D. Cal. Apr. 27, 2022) (Scarsi, J.), citing *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017), and *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). Indeed, Defendant's motion

appears to ignore this well-established canon of construction, requiring the Court at this stage to give Plaintiff the benefit of every inference that reasonably may be drawn from its well-pled facts. *See Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998). Moreover, dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The U.S. Supreme Court has stated: "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the claimant to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000); *see also Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) ("Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.").

### B. Plaintiff Stated a Direct Copyright Infringement Claim

"To establish a prima facie case of direct copyright infringement, plaintiffs must show: (1) ownership of the allegedly infringed material and (2) that the alleged infringers violated at least one exclusive right granted to copyright holders." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Bigo only challenges the second element by asserting that the allegations lack the necessary volitional element of direct infringement liability. Yet as Bigo's own authority teaches, "the word 'volition' in [the copyright] context does not really mean an 'act of willing or choosing' or 'an act of deciding,'" but merely "the unremarkable

proposition that proximate causation historically underlies copyright infringement liability no less than other torts." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017), quoting 4 Nimmer on Copyright § 13.08[C][1]. As Bigo's own authorities also demonstrate, instigation of infringement alone clearly qualifies. *See Long*, 854 F. App'x at 863; *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 732 (9th Cir. 2019); *Giganews*, 847 F.3d at 666; see also *DISH Network L.L.C. v. Jadoo TV, Inc.*, 2020 WL 5816579, at *6 (N.D. Cal. Sept. 30, 2020) ("To demonstrate volitional conduct where the defendant operates an automated, user-controlled system, the plaintiff must show that the defendant exercised control by … 'instigating any copying, storage or distribution of ...' the copyrighted material. ").

Here, Bigo's argument that it is simply a passive host ignores the allegations that it is not. Bigo does not simply sit there while users exchange videos containing infringing Works. Bigo instigates the exchange by encouraging users to upload the music in the first place through "Creator Academy." (TAC ¶ 31.) The "Academy" teaches users how to make viral videos, including encouraging use of one's own music (*Id*.) the Likee application actively encourages and, in fact, instructs, users to use unlicensed music in their videos in order to gain popularity. (TAC ¶ 32.) Then, Bigo actively copies the underlying copyrighted material and directly publishes the copy on the application. (*Id*.) The act of copying the music and publishing the song to other users is indeed infringement of the Works.

Bigo's action is not merely a passive action as described in its moving papers. Bigo relies on *Long v. Dorset* and the principle that since the defendant did not "exercise[] control, select material for upload, download, transmission, or storage; or instigate[] any copy, storage, or distribution," that Bigo is not liable for infringement. Bigo Mtn. pg. 6 ln 1-6 citing *Long v. Dorset* 854 F.App'x 861, 863. Yet, the allegations in the TAC make clear that Bigo does nearly of these things. Bigo actively facilitates the user of the copyrighted material between users. (TAC ¶ 33.) This action is well beyond Bigo's attempt to characterize the action as "copying at a user's

6
PLAINTIFF'S OPPOSITION TO DEFENDANT BIGO TECHNOLOGY LIMITED'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

command." Bigo is actively participating in further infringement by hosting the music on its own servers and encouraging further use of the material by other users. (*Id.*) Bigo does not have to allow the sharing of sound files between users. In fact, it is pretty clear from this pleading that Bigo should refrain from this practice. Yet, Bigo specifically stores, exercises control over and transmits unlicensed music from one user to another. (*Id.*)

Further, as BMG has alleged, the Likee application promotes popular videos using unlicensed music without regarding for the rights of the artists or rightsholders. (TAC ¶ 34.) Bigo is involved in promoting content, such as *HouseofBrooklyin*, whose content is promoted to others even though it is not necessarily the most watched video at the moment, "actively promoted by Likee and served to other users, even when the content is days or weeks old" (FAC at ¶ 41).

Nothing more is required to state a plausible claim that Bigo's conduct is volitional. *See, e.g., ALS Scan, Inc. v. Cloudflare, Inc.*, 2017 WL 11579039, at *8 (C.D. Cal. June 1, 2017) (observing that one is "more than a passive host" when any conduct beyond mere hosting is involved, such as the host's "initiating the indexing and organization of … [infringing] images"); *see also Gutenberg v. Move, Inc.*, 2021 WL 5494160, at *3 (C.D. Cal. Nov. 22, 2021) (analyzing *Zillow* and distinguishing its findings of passive hosting and active conduct by the same host: "Unlike the listing platform, which displayed photos automatically [based on] users' input ... without intervening conduct by the website owner, Zillow employees had specifically selected and tagged the photos featured on Digs. Thus, Zillow's active conduct on the Digs platform proximately caused the copying and met the volitional conduct requirement.").

Moreover, the allegations further establish that Bigo failed to remove the infringing content once notified. BMG repeatedly corresponded with representatives for Bigo since October of 2020. (TAC ¶ 45.) BMG is informed and alleged that Bigo investigated the use of the Works on the Likee application and it's employees have

1 actual knowledge of specific instances of infringement of the Works by its users.
2 This in itself supplies sufficient grounds for volitional conduct. *See DISH Network*
3 *L.L.C. v. Jadoo TV, Inc.*, 2020 WL 5816579, at *6 (N.D. Cal. Sept. 30, 2020), citing
4 *Zillow*, 918 F.3d at 733-34.

5     Accordingly, Plaintiff stated a claim for direct copyright infringement under
6 the statute.

        **C.    Plaintiff Stated a Contributory Infringement Claim**

8     To establish contributory copyright infringement, all Plaintiff had to show was
9 that: (1) Bigo knew of its users' infringement; and (2) that Bigo materially
10 contributed to or induced the infringement. *See Erickson Prods., Inc. v. Kast*, 921
11 F.3d 822, 831 (9th Cir. 2019); *Paramount Pictures Corp. v. Primewire*, 2022 WL
12 423408, at *2 (C.D. Cal. Jan. 7, 2022) (Scarsi, J.).

13     Bigo does not attack the material contribution element, which is most likely
14 because this Court has held that "the material contribution element is met" where, as
15 here, defendant "is the central nexus for access to the infringing reproductions and
16 performances." *Paramount Pictures*, 2022 WL 423408, at *2. It is clear that material
17 contribution is met, primarily for the same reasons as set forth related to the direct
18 infringement described above. As discussed in detail above, Bigo directly contributes
19 to the infringement of the Works by laying the groundwork and encouraging the
20 behavior of the users in a multitude of ways. (TAC ¶ 28-34)

21     Where Bigo does attempt to attack the contribution element and the authority
22 Bigo relies on primarily involves patently different mechanisms than the case at hand.
23 For example, in *Perfect 10*, Giganews had no active participation in the distribution
24 of the infringing material and acknowledged that it did not track downloads. *Perfect*
25 *10*, *supra* at 664. There, the content moderation was passive (or nonexistent) and
26 that was not enough to show that it took "affirmative steps to foster infringement. *Id*.
27 The allegations here are different. Bigo takes an active role in facilitating the
28 infringement of the content. They have the "Creator Academy" which encourages the

use of the unlicensed music from the individual's account. (TAC ¶ 34) Bigo also promotes the use of infringing materials by users by making these accounts go viral. (TAC ¶ 29.) Bigo also actively encourages users to pirate the use from other users. (TAC ¶ 33-34.) In fact, there would be no way for users to perpetuate the infringing conduct if Bigo did not allow users to share the sound. (TAC ¶ 33) Finally, the Likee application actively makes a distinction between licensed music and unlicensed music which shows that unlike Giganews, Bigo is taking an active role in labeling and cataloging the use of audio files. (TAC ¶ 35.)

Bigo's attacks on the knowledge element ignore the fact that the Likee application identifies the music which users publish with a proper license. (TAC ¶ 35; 44.) The application identifies all other music as "Original Music." *Id*. This distinction is critical. Bigo ***knows*** which music and audio files on the application are licensed for publication and the application specifically identifies the music as "licensed." The inverse is also true. Bigo ***knows*** that the "Original Music" is not licensed. Otherwise, why make the distinction and specifically spell out which music or audio is subject to the proper license. Yet, Bigo's opposition simply rejects that implication.[3]

The Third Amended Complaint specifically sets forth that Bigo investigated use of the Works on the Likee application, and its key employees had actual knowledge of specific instances of infringement of the Works by its users. (TAC ¶ 52-53.) Bigo attempts to waive this off as speculation or a conclusory statement. However, Bigo's own legal authority spells out that all that is necessary that "the complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Jones v. L.A. Central Plaza, LLC*, 2022 WL 1559717 (C.D. Cal. April 29, 2022) *citing Ashcroft v. Iqbal,* 556 U.S. 662, at 678

---

[3] As the Court is undoubtedly aware, on Motion Pursuant to Rule 12(b)(6) the Court must accept as true all of the factual allegations in the complaint, and draw all reasonable inferences in favor of the Plaintiff. Here, it is reasonable to assume that if Bigo knows and identifies certain songs as licensed, "original music" is all unlicensed on the application.

(2009) internal citations omitted.

While the allegations cannot be mere recantation of the elements stated as fact, BMG's pleading goes beyond this standard. For over 50 paragraphs, BMG outlines how Bigo's scheme works in detail. BMG outlines the copying of the infringement, inducement of users to wrongfully upload music, and the facilitation and promotion of further infringement. Then, BMG states that it informed Bigo of the infringement occurring on the Likee application. (TAC ¶ 52.) BMG the alleges that it is informed and believes that Bigo undertook an investigation to discover if infringement of the Works was occurring. (TAC ¶ 53.) BMG further states that the investigation revealed specific instances of infringement of the Works. (Id.) These allegations are more than mere recitation of the elements. There is specific conduct alleged by BMG including 1) BMG's communications with Bigo and 2) the investigation into the Likee application by Bigo employees. These are more than conclusory statements. They are specific allegations sufficient to satisfy the loose pleading requirements set forth in *Iqbal*.

## III.   CONCLUSION

Bigo's Motion attempts to draw all inferences in its own favor and ignores the plain language of the allegations in BMG's concise and specific Third Amended Complaint. The Likee application copies BMG's copyrighted material and publishes the content to users around the world. Bigo actively participated in the infringement by promoting content with infringing materials – sometimes days or weeks after the original post – and actively encouraging users to engage in the activities. Bigo's knows the infringement is occurring on the Likee application. Bigo simply doesn't care about the rights of BMG or its represented arities. Plaintiff hereby respectfully requests this Court deny Defendant Bigo's motion.

//

//

DATED: September 27, 2022       **GERARD FOX LAW, P.C.**

          */s/ Brent J. Lehman*
          Gerard P. Fox
          Brent J. Lehman
          *Attorneys for Plaintiff*