GREENBERG TRAURIG, LLP
IAN C. BALLON (SBN 141819)
REBEKAH S. GUYON (SBN 291037)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 310-586-7700
Facsimile: 310-586-7800
E-mail: *Ballon@gtlaw.com*
 *GuyonR@gtlaw.com*

GREENBERG TRAURIG, LLP
DAVID S. BLOCH (SBN 184530)
101 Second Street, Suite 2200
San Francisco, CA 94105-3668
Telephone: 415-591-5110
Facsimile: 415-488-1178
E-mail: *BlochD@gtlaw.com*

Attorneys for defendant
BIGO Technology Limited

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JOYY INC., a Delaware corporation; BIGO TECHNOLOGY LIMITED, a Delaware corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:22-cv-01578-MCS-RAO<br><br>Assigned to Hon. Mark C. Scarsi<br><br>**DEFENDANT BIGO TECHNOLOGY LIMITED'S REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Date: November 21, 2022<br>Time: 9:00 a.m.<br>Place: Courtroom 7C |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................1

IV. ARGUMENT .........................................................................................................3

    A. The "No Set Of Facts" Standard Cited By BMG Is Not Good Law...............3

    B. BMG Does Not Plausibly Allege A Direct Infringement Claim
       Against BIGO.......................................................................................................4

    C. BMG Does Not Plausibly Allege A Contributory Copyright
       Infringement Against BIGO...............................................................................8

    D. The Court Should Deny Leave To Amend ......................................................10

V. CONCLUSION.....................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*A&M Records, Inc. v. Napster, Inc.*,
    239 F.3d 1004 (9th Cir. 2001) ...................................................................................8

*ALS Scan, Inc. v. Cloudflare, Inc.*,
    2017 WL 11579039 (C.D. Cal. June 1, 2017) ...........................................................6, 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................1, 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................2, 3, 4

*Chubbuck v. Indus. Indem.*,
    953 F.2d 1386 (9th Cir. 1992) ...................................................................................10

*City of Redwood City*,
    640 F.2d 963 (9th Cir. 1981) ...................................................................................3

*Davis v. Pinterest, Inc.*,
    No. 19-CV-07650-HSG, 2021 WL 879798 (N.D. Cal. Mar. 9, 2021) ......................8, 9

*DISH Network L.L.C. v. Jadoo TV, Inc.*,
    No. 20-CV-01891-CRB, 2020 WL 5816579 (N.D. Cal. 2020) ...................................7

*Fox Broad. Co., Inc. v. Dish Network L.L.C.*,
    747 F.3d 1060 (9th Cir. 2014) ...................................................................................1, 4, 6

*Gen. Dynamics Corp.*,
    208 F.3d 1144 (9th Cir. 2000) ...................................................................................3

*Gutenberg v. Move, Inc.*,
    221CV02382ODWAFMX, 2021 WL 5494160 (C.D. Cal. Nov. 22, 2021) ................7

*Jones v. L.A. Cent. Plaza LLC*,
    2022 WL 1559717 (C.D. Cal. Apr. 29, 2022) ...........................................................9

*Long v. Dorset*,
    854 F. App'x 861 (9th Cir. 2021) ...............................................................................2, 5, 8

*Luvdarts*,
    710 F.3d 1068 (9th Cir. 2013) ...................................................................................2, 9

*Molett v. Brourman*,
    2022 WL 3720130 (C.D. Cal. July 6, 2022), *report and recommendation adopted*,
    2022 WL 3717232 (C.D. Cal. Aug. 29, 2022) ...........................................................10

*Perfect 10, Inc. v. Amazon.com, Inc.*,
   508 F.3d 1146 (9th Cir. 2007) .................................................................................. 7

*Perfect 10, Inc. v. Giganews, Inc.*,
   847 F.3d 657 (9th Cir. 2017) ............................................................... 3, 4, 5, 7, 9, 10

*Porter v. Jones*,
   319 F.3d 483 (9th Cir. 2003) ..................................................................................... 3

*Scheuer v. Rhodes*,
   416 U.S. 232 (1974) .................................................................................................. 3

*VHT, Inc. v. Zillow Grp., Inc.*,
   918 F.3d 723 (9th Cir. 2019) ......................................................................... 4, 6, 10

## I. INTRODUCTION

Argument is not a substitute for "sufficient factual matter, accepted as true" necessary for plaintiff BMG Rights Management (US) LLC ("BMG") to state a plausible claim against defendant BIGO Technology Limited ("BIGO"). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Yet BMG's opposition to BIGO's motion to dismiss proffers arguments and legal theories that are largely, if not entirely, divorced from the facts alleged in the Third Amended Complaint ("TAC"). BMG asks the Court to draw unreasonable inferences *contradicted* by BMG's allegations and documents incorporated by reference in the TAC, arguing that dismissal should be denied under the outdated "no set of facts standard" that is not good law post *Iqbal* and *Twombly*. The actual facts before the Court make clear that BMG's claims suffer from fatal deficiencies that cannot be cured.

***First***, BMG has not and cannot allege a claim for direct infringement against BIGO because the TAC alleges that it is Likee users—not BIGO—who "upload or link music from their personal music library" to accompany the original video content that users share on the App. TAC ¶¶ 27, 29; *see Fox Broadcasting Co. v. Dish Network LLC*, 747 F.3d 1060 (9th Cir. 2014). Rather than address that fact head-on, BMG argues that the Court should find BIGO plausibly liable for Likee users' alleged infringement either because BIGO allegedly encouraged or "instigated" users to upload infringing files or failed to act in response to BMG's alleged notices of infringement. Opp. at 6-8. But those arguments cannot overcome dismissal and, more importantly, are not supported by the factual allegations in the TAC. All that BMG alleges in the TAC is that there are instructional videos on the Likee App directing users how to upload locally saved music. TAC ¶ 32. There are no facts alleged (because none exist) to support an inference that BIGO is goading users to upload works that they are not authorized to use. To the contrary, Likee's Intellectual Property Policy (which BMG fails to address in its Opposition) expressly prohibits the use of infringing works and requires users to warrant that they have all necessary rights to use any and all content that they upload. Request for Judicial Notice (ECF No. 40), Ex. 1. The only reasonable inference that the facts support, therefore, is that

the operator of the Likee App reasonably believed any content (which BMG concedes is uploaded by users, not BIGO) was owned by or licensed to the user, or otherwise used with the owner's permission. BMG's outrageous accusation that BIGO stole BMG's music is wholly unsupported. BMG's allegations do not establish—because it is not true—that BIGO "exercised control, selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution," of works uploaded by Likee users that BMG contends infringe its rights. *Long v. Dorset*, 854 F. App'x 861, 863 (9th Cir. 2021). BMG also cannot maintain a direct infringement claim on the conclusory allegation that BIGO employees investigated BMG's claims of infringement. Opp. at 7-8. Investigating infringement does not give rise to direct liability where, as here, BMG concedes that the App operator continued a dialog with BMG in response to its claims and BMG does not allege—because it is not true—that the App operator identified allegedly infringing works that it failed to remove. *Long*, 854 F. App'x at 864; TAC ¶ 46.

    ***Second***, BMG has not and cannot state a claim for contributory infringement against BIGO because BMG has not alleged that BIGO had actual knowledge of specific acts of infringement on the Likee App. BMG asks the Court to infer that BIGO must have knowledge of infringement by Likee users because the App allows users to upload "Original Music," but that is an unreasonable inference, unsupported by facts. It is not plausible to infer that out of the hundreds of millions of videos uploaded to the Likee App by users around the globe daily, BIGO is specifically aware the individual videos contain music that infringes BMG's rights—a practice that the Likee Intellectual Property Policy prohibits. *Ludvarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013). BMG also asks the Court to infer that BIGO has knowledge of user infringement based on BMG's "information and belief" that BIGO investigated BMG's infringement claims. Opp. at 9-10. That conclusory allegation is not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But even if it were, an investigation into alleged infringement is not grounds for contributory liability without factual allegations that BIGO failed to remove allegedly infringing user-uploaded videos that it identified—which BMG does not

and cannot allege. *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 671 (9th Cir. 2017). Indeed, BMG has failed to ever identify <u>any</u> specific allegedly infringing videos on the Likee App, the very information that the App operator requires to respond to BMG's infringement claims in good faith. It is not proper for BMG to withhold that essential information (assuming it exists) and instead pursue a lawsuit against BIGO over claims of infringement that BMG has never substantiated.

The Court should deny BMG leave to amend. The TAC is BMG's third iteration of its claims, and BMG has failed to argue in its Opposition that additional facts would allow it to cure the deficiencies BIGO identified. BMG's failure to argue against dismissal with prejudice is a concession that further amendment would be futile. BIGO respectfully requests that its motion to dismiss be granted, with prejudice.

## IV.   ARGUMENT

### A.   The "No Set Of Facts" Standard Cited By BMG Is Not Good Law

Belying the lack of factual content in the TAC, BMG asks the Court to apply outdated pre-*Iqbal* and *Twombly* case law to BIGO's motion to dismiss. The United States Supreme Court has made clear that "[t]o survive a motion to dismiss, a complaint must contain <u>sufficient factual matter</u>, accepted as true, to '<u>state a claim to relief that is plausible on its face</u>.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (emphasis added). Only "reasonable inferences" that are supported by "factual content" are construed in plaintiff's favor when ruling on a motion to dismiss. *Iqbal*, 556 U.S. at 678.

Plaintiff ignores the requirements of *Iqbal* and *Twombly* and instead cites a string of cases applying the notice pleading standard rejected by the Supreme Court. *See* Opp. at 4-5 (citing *City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981) ("a complaint is not to be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000) (same); *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003) (reciting the pre-*Twombly* standard of notice pleading); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (same)). "The 'no set of facts' language" that BMG urges the Court to use "is

best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 546. Because the TAC is devoid of factual content that plausibly demonstrates BIGO is liable for direct or contributory infringement, it must be dismissed.

### B. BMG Does Not Plausibly Allege A Direct Infringement Claim Against BIGO

BMG fails to address *Fox Broadcasting Co. v. Dish Network L.L.C.*, 747 F.3d 1060 (9th Cir. 2014) in its Opposition, where the Ninth Circuit held that merely "operating a system used to make copies at the user's command does not mean that the system operator, rather than the user, caused copies to be made." *Id.* at 1067. BMG expressly alleges that on the Likee App, "[u]sers"—*not* BIGO—"post videos of themselves doing dances, completing 'challenges,' or short attempts at comedy," TAC ¶ 27, and users—*not* BIGO—"upload or link music from their personal music library" to accompany their videos and then publish their videos to share with their friends, *id.* ¶ 29. These allegations demonstrate that BIGO cannot be directly liable for alleged infringement of BMG's unidentified works on the Likee App because it is users, not BIGO, who cause allegedly infringing "copies to be made." *Fox Broadcasting*, 747 F.3d at 1067; *see VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 732 (9th Cir. 2019) (no volitional conduct where website's users "selecte[d] images to add to their personal boards and instigated the automatic caching process by saving a particular image"). Hosting videos that are uploaded and shared at the direction of users is not volitional conduct. *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 668 (9th Cir. 2017) ("storing material at the direction of users in order to make that material available to other users upon request" not volitional conduct).

Rather than address *Fox Broadcasting*, BMG argues that "instigation of infringement alone" is sufficient for establishing volitional conduct. Opp. at 6. But BMG cites no case that finds liability for direct copyright infringement based on "instigation" under the facts BMG has alleged. First, BMG argues that BIGO "instigates" alleged infringement by Likee users because the App allegedly encourages infringement through "Creator Academy" videos on the App. Opp. at 6 (citing TAC ¶¶ 31, 32). But all BMG

alleges regarding the "Creator Academy" is that it "tells users that 'better music' will help them go viral," and "explains to users how to 'upload your own saved music' to attach to a video." TAC ¶¶ 31, 32. BMG claims "on information and belief" that BIGO copies music uploaded by Likee users and "directly publishes the copy" on the App, but even that action only occurs at the direction of a user uploading his or her content. Opp. at 6 (citing TAC ¶ 32). These allegations fail to establish that any alleged infringement of BMG's works on the Likee App "[did] not happen automatically." *Long v. Dorset*, 854 F. App'x 861, 863 (9th Cir. 2021). Because BMG does not allege that BIGO—as opposed to users of the Likee App—"exercised control, selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution," the automatic copying or distribution of user-uploaded videos on the Likee App is not evidence of BIGO's volitional conduct. *Id.* at 863. As in *Perfect 10 v. Giganews*, BMG "provides no evidence showing that [the operator of the Likee App] exercised control (other than by general operation of [Likee])," which is insufficient to find BIGO liable for direct copyright infringement under Ninth Circuit law. *Giganews*, 847 F.3d at 670.

Second, BMG claims that BIGO "encourages and, in fact, instructs, users to use unlicensed music in their videos in order to gain popularity." Opp. at 6 (citing TAC ¶ 32). That statement is pure argument, unsupported by the TAC (and patently <u>false</u>). Nowhere does BMG allege—because it is not true—that BIGO provides specific instructions to Likee users outlining how they can upload musical works that they are not authorized to use. It appears that this argument is based BMG's unsupported allegation that unspecified musical works in the Likee App allegedly are identified as "'licensed music,'" which BMG even uses quotations to refer to in the TAC, implying that one can search for and find videos with works labeled "licensed music" in the App. TAC ¶ 35. In reality, the only distinction in user-uploaded works on the App that BMG identifies is that some videos identify the "artist and title" of a musical work selected by the user, whereas other videos identify a musical work uploaded by the user as "Original Music." *Id.* It is neither true nor reasonable to infer that the Likee App directs users to upload "unlicensed" content, as

5

BMG falsely argues. *E.g.*, Opp. at 4 ("the Likee application identifies videos using licensed audio files as 'licensed music.'"). To the contrary, the Likee App prohibits users from uploading content that "constitutes copyright infringement" and requires users to warrant that they have all necessary rights to share whatever works they upload to the App. Request for Judicial Notice, Exhibit 1. The only reasonable inference to draw from the facts is that the operator of the Likee App assumes music uploaded by users is either their original content, licensed to them, or otherwise used with permission from the owner, since the App's policies prohibit users from uploading anything else.

All that BMG alleges is that the Likee App instructs users how to upload music and the App promotes some popular user-created videos. *E.g.*, TAC ¶¶ 34, 41. But the Ninth Circuit has held that the mere "promotion" of a service allegedly used by others to infringe third-party copyrights, "including encouraging users to share photos through its site" is not "instigating user copying" sufficient for imposing direct copyright infringement liability on the operator of the site. *Zillow*, 918 F.3d at 738. Indeed, BMG's own allegations establish that whether content on the Likee App will be "popular," and, therefore, further promoted in the App, is driven by "the exchange of diamonds between users . . . to reward content creation on the platform." TAC ¶ 41. In other words, BMG alleges that the non-actionable "promotion" BMG complains of is only "in response to [a] user's command," which is insufficient to find BIGO plausibly liable for direct copyright infringement under Ninth Circuit law. *Fox Broadcasting*, 747 F.3d at 1067.

The authorities BMG cites in its Opposition are unavailing to its direct infringement claim. *ALS Scan, Inc. v. Cloudflare, Inc.*, No. CV 16-5051-GW(AFMX), 2017 WL 11579039 (C.D. Cal. June 1, 2017) did not address whether a service hosting user-uploaded content could be liable for direct infringement; it only addressed direct infringement claims against the users who caused material to be stored on the defendant's servers. *Id.* at *8 ("Plaintiff is not attempting to argue that Cloudfare is directly liable for the infringing content potentially stored on Cloudflare's U.S. servers—rather, Plaintiff's contention is that the third-party websites themselves are directly liable for the copies purportedly stored

on Cloudflare's U.S. servers."). BMG quotes *Cloudflare*'s dicta discussion of *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) for the proposition that "indexing and organization" of allegedly infringing images is alone sufficient to establish volitional conduct. Opp. at 7 (quoting *Cloudflare*, 2017 WL 11579039 at *8). But the Ninth Circuit has more recently held that *Amazon*'s finding of volitional conduct was limited to the undisputed fact that "Google initiate[d] and control[ed] the storage and communication of the[ allegedly infringing] thumbnail images." *Giganews*, 847 F.3d at 668 (citing *Amazon*, 508 F.3d at 1160). In *Giganews*, the Ninth Circuit affirmed that *Amazon* does not address "whether an entity that merely passively owns and manages an Internet bulletin board or similar system violates a copyright owner's display and distribution rights when the users of the . . . . system post infringing works." *Giganews*, 847 F.3d at 668. The dicta discussion that BMG quotes from *Cloudflare* is inapplicable here because BMG alleges that Likee users, not BIGO, post, upload, link and publish all content on the App. TAC ¶¶ 27, 29.

*Gutenberg v. Move, Inc.*, 221CV02382ODWAFMX, 2021 WL 5494160, at *3 (C.D. Cal. Nov. 22, 2021) merely holds that a plaintiff states a plausible claim for direct infringement where he alleges that a website operator "selects specific Photographs from active listing pages to appear" on pages controlled by the operator, "without any input, direct, request, or other act or involvement by the" users who uploaded the photos. *Id.* at *3. *No* such allegations are in the TAC. BMG alleges that Likee users select, upload, and share any allegedly infringing videos on the App. TAC ¶¶ 27, 29, 41.

Third and finally, BMG claims that BIGO is liable for direct infringement by virtue of its employees' alleged knowledge of user-uploaded content that allegedly infringes BMG's rights in the Works, citing *DISH Network L.L.C. v. Jadoo TV, Inc.*, No. 20-CV-01891-CRB, 2020 WL 5816579, at *6 (N.D. Cal. 2020). Opp. at 7. Putting aside the fact that BMG's conclusory allegation of knowledge is not accepted as true when ruling on BIGO's motion (*see* Mot. at 10) neither *Jadoo* nor any other case has held that knowledge of infringement by users alone equates to direct liability by the operator of a platform hosting user-uploaded content. BMG parrots language from *Jadoo* in paragraph 46 of the

TAC with the conclusory allegation, not accepted as true, that BIGO made a "conscious decision not to remove" allegedly infringing materials, but BMG does not allege that BIGO identified any specific allegedly infringing videos on the App that BIGO then failed to remove. The Ninth Circuit has "rejected such failure-to-act arguments when, as here, an online service provider 'took affirmative action to address the claims' by requesting further information from the copyright holder upon being informed of potential infringement on its website." *Long*, 854 F. App'x at 864; *see* TAC ¶ 46 (alleging that BIGO responded to BMG's notices of alleged infringement on the App).

BMG has not alleged factual material that would plausibly show BIGO, as opposed to the users of the Likee App, is the cause of any alleged infringement of BMG's Works on the App. BMG's direct copyright infringement claim must be dismissed.

## C. BMG Does Not Plausibly Allege A Contributory Copyright Infringement Against BIGO

BMG concedes that a necessary element of contributory infringement in the online context is "actual knowledge of specific acts of infringement . . . ." *Davis v. Pinterest, Inc.*, No. 19-CV-07650-HSG, 2021 WL 879798, at *3 (N.D. Cal. Mar. 9, 2021) (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001)). That element is absent from the TAC. BMG fails to allege that BIGO ever had knowledge of any <u>specific</u> user-uploaded videos that allegedly infringe BMG's rights in the Works that BIGO failed to remove.

Instead, BMG asks the Court to infer that BIGO must know of allegedly infringing music uploaded to the Likee App by its users because—according to BMG—the App distinguishes between "licensed" and "unlicensed" musical works. TAC ¶¶ 35, 44). That argument is not supported by the factual allegations in the TAC. As explained, *supra* at 6, what BMG actually alleges is that videos uploaded by users may include musical works that are either identified by the artist and title of the work or as "Original Music." Opp. at 4, 9 (citing TAC ¶¶ 35, 44). BMG brazenly argues that <u>all</u> "Original Music" is used without authorization *Id.* But these allegations do not support a plausible inference that BIGO knows every work titled "Original Music" out of the hundreds of millions of user-uploaded

videos each day is used without authorization. Indeed, BMG fails to provide a <u>single</u> example of alleged "Original Music" on the App that infringes any of its rights in its works.

Rather, because Likee's Intellectual Property Policy, incorporated by reference in the TAC (which BMG failed to address), prohibits users from uploading "any content which constitutes copyright infringement" and requires users to warrant that they possess all rights to use whatever content they upload to the App, the only reasonable reference supported by actual facts is that the operator of the App believes all user-uploaded music (whether identified as "Original Music" or not) is either owned or licensed to the user, or used with permission from the owner. Request for Judicial Notice, Ex. 1. The ability for a user to upload music only demonstrates that the operator of the App may have "generalized knowledge" of "the possibility" that a user lacks authorization to use a musical work, but generalized knowledge is insufficient to allege liability for contributory infringement. *Ludvarts*, 710 F.3d at 1072; *Giganews*, 847 F.3d at 672 (allegation that Giganews "offers 25,000 terabytes of copyrighted materials without permission" and "advertises that it does not keep track of subscriber downloads, effectively encouraging infringement" did not support claim for contributory infringement). Generalized knowledge is also insufficient to state a claim for contributory infringement under a theory of willful blindness. Willful blindness "still requires allegations that Defendant was willfully blind to the *specific instances* of infringement at issue in the case, and not just to copyright infringement generally"—which is all that BMG has alleged. *Davis*, 2021 WL 879798, at *3.

BMG also asserts that BIGO must be contributorily liable for user infringement because, according to BMG, BIGO "investigated use of the Works on the Likee application, and its key employees had actual knowledge of specific instances of infringement of the Works by its users." Opp. at 9 (citing TAC ¶¶ 52-53). That argument fails for two reasons. First, it is based on a conclusory allegation that is not presumed true when ruling on BIGO's motion to dismiss. *See Jones v. L.A. Cent. Plaza LLC*, No. 221CV04547MCSGJS, 2022 WL 1559717, at *2 (C.D. Cal. Apr. 29, 2022) (Scarsi, J.). Second, even if the court assumes that conclusory allegation is true (which it should not),

BMG does not allege that BIGO allowed allegedly infringing content it identified to remain on the Likee App, a necessary element for contributory infringement under Ninth Circuit law. *E.g.*, *Giganews*, 847 F.3d at 671. A "failure to take affirmative steps to prevent infringement alone cannot trigger inducement liability." *Zillow*, 918 F.3d at 746.

Indeed, BMG has <u>never</u> identified in the TAC or in its Opposition <u>any</u> specific, allegedly infringing videos that are or ever were on the Likee App. BMG only lists a handful of works that BMG claims users uploaded without authorization out of the hundreds of millions of videos that are use upload globally on a daily basis. BMG continues to purposefully withhold the only information that would allow the operator of the Likee App to remove allegedly infringing content in good faith (assuming such content even exists)—identification of <u>specific videos</u> that allegedly infringe BMG's rights. While BMG makes a lengthy plea that its allegations rise above a conclusory "recitation of the elements," Opp. at 10, BMG's argument is not a substitute for well-pleaded facts establishing BIGO's actual knowledge of infringing uses of the Works on the App, which BMG has not and cannot allege.

### D. The Court Should Deny Leave To Amend

BMG did not address BIGO's argument that leave to amend should be denied, which is a concession that BIGO has provided valid grounds for dismissal with prejudice. *Chubbuck v. Indus. Indem.*, 953 F.2d 1386 (9th Cir. 1992) (party concedes an argument by failing to respond to it). The TAC is BMG's third complaint, filed after BIGO briefed its grounds for dismissal in a prior motion, and BMG has not identified any facts that could cure the deficiencies with its claims. Leave to amend would be futile and should be denied. *Molett v. Brourman*, No. CV 21-8057 MCS (PVC), 2022 WL 3720130, at *7 (C.D. Cal. July 6, 2022), *report and recommendation adopted*, 2022 WL 3717232 (C.D. Cal. Aug. 29, 2022) (Scarsi, J.).

### V. CONCLUSION

BIGO respectfully requests that the Court grant BIGO's Motion to Dismiss the Third Amended Complaint and deny BMG leave to amend.

| | | |
|---|---|---|
| DATED: October 7, 2022 | | GREENBERG TRAURIG, LLP |
| | By | /s/ Ian C. Ballon |
| | | Ian C. Ballon |
| | | Rebekah S. Guyon |
| | | David S. Bloch |
| | | Attorneys for Defendant BIGO Technology Limited |