UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No. 2:22-cv-01578-MCS-RAO | Date December 5, 2022 |
| Title *BMG Rts. Mgmt. (US) LLC v. Joyy Inc., et al.* | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO DISMISS (ECF NO. 39) (JS-6)

Defendant Bigo Technology Limited moves to dismiss Plaintiff BMG Rights Management (US) LLC's first and third causes of action in the third amended complaint. (Mot., ECF No. 39.) Plaintiff opposes the motion. (Opp'n, ECF No. 42.) Defendant filed a reply. (Reply, ECF No. 47.) The Court heard oral argument on November 21, 2022. (Mins., ECF No. 49.)

I.   **BACKGROUND**

According to the third amended complaint, Plaintiff is a music publisher and record label that owns the copyrights to millions of musical works. (TAC ¶ 1, ECF No. 37.) Defendants Bigo and Joyy Inc.[1] are technology companies that own and operate Likee, a social media platform "based on user-generated short video content" similar to TikTok. (*Id.* ¶¶ 2–4.) Plaintiff alleges that Defendants knowingly encourage its content creators to use copyrighted works in their short videos. (*Id.* ¶ 29.) Likee allows creators to link their iTunes accounts to the platform to upload copyrighted music, including Plaintiff's. (*Id.*) Plaintiff also points to the Likee

---

[1] Joyy Inc. has not appeared in this action. This Order uses "Defendant" to refer to Bigo and "Defendants" to refer to Bigo and Joyy collectively.

platform's Creator Academy function, which advises creators to upload "better music" with their videos to reach more viewers. (*Id.* ¶ 31.) Defendants allegedly promote videos that incorporate unlicensed, copyrighted music—and therefore infringe on the rightsholders' copyrights—by making the videos more visible to users scrolling through their Likee feeds and increasing creators' odds of "go[ing] viral." (*Id.* ¶¶ 31–32, 34.)

One such highly promoted Likee creator goes by the username "HouseofBrooklyn." (*Id.* ¶ 41.) As of the filing of the third amended complaint, HouseofBrooklyn boasted 8.43 million fans and 5.82 million "beans," a Likee-based digital currency that users can gift to creators. (*Id.* ¶¶ 40–41.) Likee actively promotes HouseofBrooklyn's videos, "even when the content is days or weeks old, which earns [her] more notoriety, fame, and virtual currency." (*Id.* ¶ 41.) Based on Plaintiff's investigation, HouseofBrooklyn links music to her videos, including a song by Nirvana, which is one of Plaintiff's copyrighted works. (*Id.*)

Plaintiff alleges that Defendants are aware "of specific instances of infringement," based on Bigo's investigation into infringing behavior, (*id.* ¶¶ 52–53), though Plaintiff does not specify the individual works Defendants know have been infringed on or any creators that Defendant know infringe on Plaintiff's works.

At the hearing, Defendant indicated that Plaintiff never issued any takedown notices as provided for in the Digital Millennium Copyright Act ("DMCA"). 17 U.S.C. § 512. Plaintiff confirmed that it has not availed itself of any remedies in the DMCA framework. Instead, it filed suit in this Court.

## II.   REQUEST FOR JUDICIAL NOTICE

Defendant requests judicial notice of Likee's intellectual property policy, invoking the doctrine of incorporation by reference. (RJN 1–2, ECF No. 40.) Courts may consider at the Rule 12(b)(6) stage documents outside the operative complaint "whose contents are alleged in [the] complaint and whose authenticity no party questions." *Tunac v. United States*, 897 F.3d 1197, 1207 n.8 (9th Cir. 2018) (internal quotation marks omitted). Additionally, the referenced document and its contents must be integral to the complaint. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Defendant asserts that Plaintiff references the policy in paragraphs 32, 34, and 35 of the third amended complaint. (RJN 2.) But upon review of the entire third amended complaint, the Court finds no specific mention of the policy or its terms. (*See generally* TAC.) In any event, the contents of the policy are

by no means integral given the lack of any explicit reference to the document. The incorporation by reference doctrine does not allow for judicial notice.

Defendant also requests judicial notice of the policy as a publicly accessible website. (RJN 2.) Courts in this circuit have considered webpages judicially noticeable where the website's content was readily verifiable and highly relevant to the case, and where the website's authenticity was not in question. *See Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965–66 (C.D. Cal. 2005) (readily verifiable); *Nelson Bros. Pro. Real Estate LLC v. Jaussi*, No. SA CV 17–0158–DOC (JCGx), 2017 WL 8220703, at *3–4 (C.D. Cal. Mar. 23, 2017) (highly relevant to material issues); *In re Tourism Assessment Fee Litig.*, No. 08cv1796-MMA(WMc), 2009 WL 10185458, at *4–5 (S.D. Cal. Feb. 19, 2009) (authenticity not in question). Plaintiff does not dispute the authenticity or accuracy of the policy. (*See generally* Opp'n.) As discussed below, the policy is relevant to whether Plaintiff availed itself of DMCA remedies, which is ancillary to the issues in the Rule 12(b)(6) motion. Because consideration of the policy is not necessary for resolution of the motion, the Court takes judicial notice to the limited extent that the policy's terms exist and are relevant to the DMCA takedown issue.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## IV. DISCUSSION

To establish copyright infringement, the plaintiff must demonstrate (1) ownership of a valid copyright and (2) the copying of protectable expression by the defendant. *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987). Infringement occurs when a defendant violates one of the exclusive rights of the copyright holder, 17 U.S.C. § 501(a), including the right to reproduce the copyrighted work, to prepare derivative works, to distribute copies to the public, and to publicly display the work, *id.* § 106.

Based on the moving papers and oral argument, there is no dispute that Plaintiff owns copyrights to the subject works. Instead, Defendant disputes whether it has copied any of Plaintiff's works and attacks elements specific to direct and contributory infringement. (Mot. 4–10; Reply 4–10.) For the reasons set forth below, Plaintiff has failed to state a claim for direct and contributory infringement.

### A. Direct Infringement

To state a claim for direct copyright infringement, Plaintiff must demonstrate causation (or volitional conduct). *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2013) ("Infringement . . . require[s] that the defendant cause the copying."); *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017). The Ninth Circuit has stated that volitional conduct is present where the defendant "exercised control (other than by general operation of a [website]); selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution" of copyrighted materials. *Giganews*, 847 F.3d at 670. Automatic copying, storing, or transmission of copyrighted materials is insufficient to allege volitional conduct. *Id.* at 669–70. Volitional conduct does not require willfulness or active decision-making; rather, it "simply stands for the unremarkable proposition that proximate causation historically underlines copyright infringement liability no less than other torts." *Id.* at 666 (internal quotation marks omitted). In other words, "*direct* liability must be premised on conduct that can reasonably be described as the *direct cause* of the infringement." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731 (9th Cir. 2019) (internal quotation marks omitted). Where, as here, the action is against a website owner, "the distinction between active and passive participation in the alleged infringement is central to the legal analysis." *Id.* at 732 (cleaned up).

Plaintiff alleges that "Likee allows users to upload or link music from their personal music library, such as iTunes, to videos," (TAC ¶ 29); the "unauthorized use includes but is not limited to publishing video content featuring the works," (*id.* ¶ 57); and the Likee app "copies the underlying copyrighted material and directly publishes the copy on the application," (*id.* ¶ 32). Further, Plaintiff asserts that through the Creator Academy, Defendants encourage and facilitate copyright infringement. (*Id.* ¶¶ 31, 34.) However, Plaintiff admitted at the hearing that it could not allege that the infringement of any specific copyrighted song was linked to the Creator Academy.

Plaintiff has failed to establish the necessary causal nexus between Defendants' conduct and its users' illegal copying of Plaintiff's copyrighted works. For one, Plaintiff does not allege that Defendants have "selected any material for upload, download, transmission, or storage." *Giganews*, 847 F.3d at 670. At best, Defendants' Creator Academy instructs creators how to upload copyrighted music generally, (TAC ¶¶ 31–32), but it is the users themselves that select the actual copyrighted songs for use in the videos, (*id.* ¶ 33 (stating that "in the settings menu, Likee allows *users to upload music to the platform*" (emphasis added))). There are no allegations that Defendants, on its own terms, cull Plaintiff's copyrighted works for subsequent upload, download, transmission, or storage as opposed to automatic inclusion into the platform. While Likee differentiates between licensed music and original music, (*id.* ¶ 35), such cataloging does not rise to the active participation necessary to establish volitional conduct.

Likewise, the allegations do not support a finding that Defendants exercise control other than by general operation of its website. As in *Zillow*, it is the users themselves "that select and upload every" work. 918 F.3d at 733. While Likee provides guidance on how to upload copyrighted music and ostensibly copies those songs onto the platform at the direction of its users, Defendants' operation of Likee does not constitute the kind of intervening act giving rise to volitional conduct. *See id.* at 738.

Finally, Plaintiff fails to allege that Defendants "instigated any copying, storage, or distribution" of copyrighted materials. *Giganews*, 847 F.3d at 670. Plaintiff alleges that the Creator Academy advises creators "that 'better music' will help them go viral," (TAC ¶ 31), but the term "better music" on its own is at best nebulous. Plaintiff does not make any connection between "better music" and copyrighted music, let alone Plaintiff's copyrighted works. In other words, the allegation that Defendants encourage uploading better music does not mean

Defendants encourage uploading Plaintiff's copyrighted music. And while Plaintiff alleges that it promotes infringing content, including HouseofBrooklyn's, (*id.* ¶¶ 34, 41–42), it is unable to identify a single promoted video that infringes Plaintiff's copyrighted works. Plaintiff makes the bare allegation that one of HouseofBrooklyn's videos includes a song by Nirvana, but it does not allege that Defendants specifically promoted the video featuring the song "days or weeks" after posting. (*Id.* ¶ 41.) Accordingly, the allegations do not support the conclusion that Defendants instigated any copyright infringement.

Plaintiff fails to allege volitional conduct by Defendants and thus does not state a claim for direct infringement.

### B. Contributory Infringement

Contributory copyright infringement "may be imposed for intentionally encouraging infringement through specific acts." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1170 (9th Cir. 2007). Thus, "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer." *Id.* (internal quotation marks omitted). A third party can be liable for materially contributing to infringement only where its participation in the infringing conduct of the primary infringer is substantial. *See Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1375 (N.D. Cal. 1995).

Plaintiff alleges that "Defendant Bigo investigated use of the Works on the Likee application and . . . had actual knowledge of specific instances of infringement of the Works." (TAC ¶ 53.) While Plaintiff identifies a handful of specific examples of infringement that it is aware of, (*id.* ¶ 50), Plaintiff fails to identify any individual copyrighted song that Defendants knew was being infringed. Without more, the allegations support only Bigo's generalized knowledge of the possibility of infringement, *see Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013), and amount to little more than a threadbare recital of an element for contributory infringement, *see Iqbal*, 556 U.S. at 678. Thus, Plaintiff fails to state a claim for contributory infringement.

### C. Leave to Amend

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed.

R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Given the Ninth Circuit's policy of granting leave to amend "with extreme liberality," *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018) (internal quotation marks omitted), the Court grants Plaintiff leave to amend. But given Plaintiff's repeated amendments thus far, a subsequent failure to state a claim may render further amendment futile. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809–10 (9th Cir. 1988).

### D. DMCA Remedies

At the hearing, Plaintiff confirmed that it did not issue any DMCA-compliant takedown notice to Defendants for any individual video, despite Likee's intellectual property policy outlining the specific procedures for presenting a takedown claim. (RJN Ex. 1, ECF No. 40-2.) Plaintiff suggested that discovery would assist them in their search for specific instances where Defendants knew about yet refused to remove an infringing video. But Defendant contends that Plaintiff would have no case if it reviewed the videos on the Likee app and issued DMCA takedown notices. Instead, it appears that Plaintiff seeks to leverage discovery procedures and effectively spread the substantial investigative costs to Defendants through this litigation.

In the interest of expedience and justice, the Court, on its own motion, stays this case until Plaintiff demonstrates that it has availed itself of DMCA remedies, including issuing takedown notices for specific instances of copyright infringement. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

### V. CONCLUSION

Based on the above, the Court grants Defendant's motion to dismiss. Plaintiff's first and third causes of action are dismissed with leave to amend. On its

own motion, the Court also dismisses with leave to amend first and third causes of action against Joyy. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742–43 (9th Cir. 2008).

Additionally, the Court stays this action until Plaintiff has demonstrated that it has availed itself of remedies available in the DMCA. The Court directs the Clerk to remove the case from the Court's active caseload until further application by the parties or order of this Court. The parties shall file a joint status report within 120 days, and a further report every 120 days thereafter. Each report must state on the cover page the date the next report is due. The parties must promptly notify the Court of any settlement of this matter. *See* C.D. Cal. R. 16-15.7.

**IT IS SO ORDERED.**