UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No.  **2:22-cv-01578-MCS-RAO**                    Date  **February 12, 2024**

Title  *BMG Rts. Mgmt. (US) LLC v. Joyy Inc., et al.*

Present: The Honorable    **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    (IN CHAMBERS) ORDER RE: MOTION TO DISMISS (ECF NO. 83)

Defendant Bigo Technology Limited moves to dismiss Plaintiff BMG Rights Management (US) LLC's fourth amended complaint in its entirety. (Mot., ECF No. 83.) Plaintiff opposes the motion. (Opp'n, ECF No. 88.) Defendant filed a reply. (Reply, ECF No. 89.) The Court heard oral argument on December 18, 2023. (Mins., ECF No. 49.)

## I.   BACKGROUND

According to the fourth amended complaint,[1] Plaintiff is a music publisher and record label that owns the copyrights to millions of musical works. (4AC ¶ 1,

---

[1] The fifth amended complaint, (see 5AC, ECF No. 90-1), is not the operative pleading because Plaintiff failed to comply with Local Rules 7-3, (see Guyon Decl. ¶¶ 5, 8, ECF No. 95-1), despite an explicit warning that "[f]ailure to comply [with Rule 7-3] will result in denial of the [motion for leave to amend] with prejudice." (Order re: Motion 2, ECF No. 86.) Even if the 5AC were the operative pleading, it suffers from the same defects as the 4AC that require dismissal of the first claim.

ECF No. 71.) Defendants Bigo and Joyy Inc.[2] are technology companies that own and operate Likee, a social media platform "based on user-generated short video content" similar to TikTok. (*Id.* ¶¶ 2–4.) Plaintiff alleges that Defendants knowingly encourage its content creators to use copyrighted works in their short videos. (*Id.* ¶ 29.) Likee allows creators to link their iTunes accounts to the platform to upload copyrighted music, including Plaintiff's. (*Id.*) Plaintiff also points to the Likee platform's Creator Academy function, which advises creators to upload "better music" with their videos to reach more viewers. (*Id.* ¶ 31.) Defendants allegedly promote videos that incorporate unlicensed, copyrighted music—and therefore infringe on the rightsholders' copyrights—by making the videos more visible to users scrolling through their Likee feeds and increasing creators' odds of "go[ing] viral." (*Id.* ¶¶ 31–32, 34.)

One such highly promoted Likee creator goes by the username "HouseofBrooklyn." (*Id.* ¶ 41.) As of the filing of the fourth amended complaint, HouseofBrooklyn boasted 8.43 million fans and 5.82 million "beans," a Likee-based digital currency that users can gift to creators. (*Id.* ¶¶ 40–41.) Likee actively promotes HouseofBrooklyn's videos, "even when the content is days or weeks old, which earns [her] more notoriety, fame, and virtual currency." (*Id.* ¶ 41.) Based on Plaintiff's investigation, HouseofBrooklyn links music to her videos, including a song by Nirvana, which is one of Plaintiff's copyrighted works. (*Id.*)

Plaintiff alleges that Defendants are aware "of specific instances of infringement," based on Bigo's investigation into infringing behavior, (*id.* ¶¶ 52–53). Plaintiff also alleges that Defendants do not have an effective repeat infringer policy that would entail it to the safe harbors of the Digital Millennium Copyright Act ("DMCA"), (*id.* ¶¶ 71–73, 81–87), and that Defendant does not respond to DMCA takedown notices until after lengthy delays, (*id.* ¶¶ 74–78). Further, Plaintiff alleges that Defendants have actual knowledge of infringement because of Plaintiff's DMCA takedown requests. (*Id.* ¶¶ 88–89; *see id.* Ex. A, ECF No. 71-1.)

On these facts, Plaintiff filed suit alleging direct copyright infringement, vicarious copyright infringement, and contributory copyright infringement. (*Id.* ¶¶ 124–66.)

///

---

[2] Joyy Inc. has not appeared in this action. This Order uses "Defendant" to refer to Bigo and "Defendants" to refer to Bigo and Joyy collectively.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor must a court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001) (citation omitted).

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's entire complaint on the grounds that the complaint is self-refuting, (Mot. 2–6), and that the DMCA safe harbor otherwise shields Defendant from liability, (*id.* at 2–3; Reply 2–6).

Defendant does not target their motion to dismiss toward particular claims. Notwithstanding, "[a] trial court may dismiss a claim sua sponte under [Rule] 12(b)(6)," *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987), and the Court previously dismissed Plaintiff's direct and contributory copyright infringement claims, (*see* TAC Dismissal Order, ECF No. 51). Thus, the Court examines the direct and contributory infringement claims previously dismissed before addressing Defendant's grounds for dismissal.

///

### A. Direct Infringement

To establish copyright infringement, the plaintiff must demonstrate (1) ownership of a valid copyright and (2) the copying of protectable expression by the defendant. *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987). Infringement occurs when a defendant violates one of the exclusive rights of the copyright holder, 17 U.S.C. § 501(a), including the right to reproduce the copyrighted work, to prepare derivative works, to distribute copies to the public, and to publicly display the work, *id.* § 106.

Based on previous motions and the pleadings, (*see* TAC Dismissal Order 4; Compl. ¶ 1), there is no dispute that Plaintiff owns copyrights to the subject works. Instead, Defendant previously disputed whether it has copied any of Plaintiff's works and attacks elements specific to direct infringement. (*See* TAC Dismissal Order 4.) For the reasons set forth below, Plaintiff has failed to state a claim for direct infringement.

To state a claim for direct copyright infringement, Plaintiff must demonstrate causation (or volitional conduct). *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2013) ("Infringement . . . require[s] that the defendant cause the copying."); *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017). The Ninth Circuit has stated that volitional conduct is present where the defendant "exercised control (other than by general operation of a [website]); selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution" of copyrighted materials. *Giganews*, 847 F.3d at 670. Automatic copying, storing, or transmission of copyrighted materials is insufficient to allege volitional conduct. *Id.* at 669–70. Volitional conduct does not require willfulness or active decision-making; rather, it "simply stands for the unremarkable proposition that proximate causation historically underlines copyright infringement liability no less than other torts." *Id.* at 666 (internal quotation marks omitted). In other words, "*direct* liability must be premised on conduct that can reasonably be described as the *direct cause* of the infringement." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731 (9th Cir. 2019) (internal quotation marks omitted). Where, as here, the action is against a website owner, "the distinction between active and passive participation in the alleged infringement is central to the legal analysis." *Id.* at 732 (cleaned up); *see, e.g.*, *Fox Broad. Co.*, 747 F.3d at 1067 ("[O]perating a system used to make copies at the user's command does not mean that the system operator, rather than the user, caused copies to be made.").

Plaintiff's additional allegations do not save their claim for direct infringement. Like in the third amended complaint, Plaintiff alleges that "Likee allows users to upload or link music from their personal music library, such as iTunes, to videos," (4AC ¶ 29); the "unauthorized use includes but is not limited to publishing video content featuring the works," (*id.* ¶ 127); and the Likee app "copies the underlying copyrighted material and directly publishes the copy on the application," (*id.* ¶ 32). Further, Plaintiff asserts that through the Creator Academy, Defendants encourage and facilitate copyright infringement. (*Id.* ¶¶ 31, 34.) New to the fourth amended complaint, Plaintiff alleges that Defendant "has been storing, curating, reproducing, and distributing [Plaintiff's] music without authorization." (*Id.* ¶ 109.)

Plaintiff has again failed to establish the necessary causal nexus between Defendants' conduct and its users' illegal copying of Plaintiff's copyrighted works. For one, Plaintiff does not allege that Defendants have "selected any material for upload, download, transmission, or storage." *Giganews*, 847 F.3d at 670. At best, Defendants' Creator Academy instructs creators how to upload music generally, (4AC ¶¶ 31–32), but it is the users themselves that select the actual songs for use in the videos, (*id.* ¶ 33 (stating that "in the settings menu, Likee allows *users to upload music to the platform*" (emphasis added))). There are no allegations that Defendants, on Defendants' own terms, cull Plaintiff's copyrighted works for subsequent upload, download, transmission, or storage as opposed to automatic inclusion into the platform. While Likee differentiates between licensed music and original music, (*id.* ¶ 35), such cataloging does not arise to the active participation necessary to establish volitional conduct.

Likewise, the allegations do not support a finding that Defendants exercise control other than by general operation of its website. As in *Zillow*, it is the users themselves "that select and upload every" work. 918 F.3d at 733. While Likee provides guidance on how to upload music and ostensibly copies those songs onto the platform at the direction of its users, Defendants' operation of Likee does not constitute the kind of intervening act giving rise to volitional conduct. *See id.* at 738.

Finally, Plaintiff fails to allege that Defendants "instigated any copying, storage, or distribution" of copyrighted materials. *Giganews*, 847 F.3d at 670. Plaintiff alleges that the Creator Academy advises creators "that 'better music' will help them go viral," (4AC ¶ 31), but the term "better music" on its own is at best nebulous. Plaintiff does not make any connection between "better music" and copyrighted music, let alone Plaintiff's copyrighted works. In other words, the

allegation that Defendants encourage uploading better music does not mean Defendants encourage uploading Plaintiff's copyrighted music. And while Plaintiff alleges that it promotes infringing content, including HouseofBrooklyn's, (*id.* ¶¶ 34, 41–42), it is unable to identify a single promoted video that infringes Plaintiff's copyrighted works. Plaintiff makes the bare allegation that one of HouseofBrooklyn's videos includes a song by Nirvana, but it does not allege that Defendants specifically promoted the video featuring the song "days or weeks" after posting. (*Id.* ¶ 41.) Finally, while Plaintiff alleges that Defendant "has been storing, curating, reproducing, and distributing [Plaintiff's] music without authorization," (*id.* ¶ 109), this new allegation is not enough to state causation or volitional conduct. The reasonable inference from this allegation is not that Defendant is instigating the storage, curation, reproduction, or distribution, but that its users are. As the complaint alleges, Defendant "allows *users to upload music* that [Defendant] accumulates, stores, organizes, and makes available to its users." (*Id.* ¶ 92 (emphasis added).) The complaint fails to allege that *Defendant* itself instigated such storage, reproduction, and distribution. And "automatic copying, storage, and transmission of copyrighted materials, when instigated by others, does not render an Internet service provider strictly liable for copyright infringement." *Giganews*, 847 F.3d at 670 (quoting *CoStar Grp. v. LoopNet, Inc.*, 373 F.3d 544, 555 (4th Cir. 2004) (cleaned up)). Accordingly, the allegations do not support the conclusion that Defendants instigated any copyright infringement.

Plaintiff fails to allege volitional conduct by Defendants and thus does not state a claim for direct infringement. Leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This is Plaintiff's fourth amended complaint, and the second time the direct infringement claim has been dismissed on the same grounds. Thus, Plaintiff has repeatedly failed "to cure deficiencies by amendments previous allowed," and further amendment of this claim is futile. *Id.* Thus, leave to amend is denied.

### B. Contributory Infringement

Contributory copyright infringement "may be imposed for intentionally encouraging infringement through specific acts." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1170 (9th Cir. 2007). Thus, "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer." *Id.* (internal quotation marks omitted). A third party can be liable for materially contributing to infringement only where its participation in the infringing conduct of the primary infringer is substantial. *See Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1375 (N.D. Cal. 1995).

As in the third amended complaint, Plaintiff alleges that "Defendant Bigo investigated use of the Works on the Likee application and . . . had actual knowledge of specific instances of infringement of the Works." (4AC ¶ 53.) New to the fourth amended complaint, in addition to identifying a handful of specific examples of infringement of which it is aware, (*id.* ¶ 50), Plaintiff alleges that it made 1,516 individual takedown requests, and Defendant has responded to only 56 percent of the requests, (*id.* ¶ 89; *see id.* Ex. A). These allegations support a reasonable inference of Bigo's specific knowledge of the infringement. Further, operating a service that allows for the posting of infringing material satisfies the requirement for substantial involvement. *See Religious Tech. Ctr.*, 907 F. Supp. at 1375. As such, Plaintiff states a claim for contributory infringement.

### C.  Other Grounds for Dismissal

Defendant argues that, because the fourth amended complaint allegedly conflicts with its attached Exhibit A, the entire complaint should be dismissed. (*See generally* Mot.) The Court finds this argument unpersuasive. While the Court "need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit," *Sprewell*, 266 F.3d at 989, contradiction does not render an entire complaint deficient. Rather, if "documents incorporated by reference into the complaint conflict with allegations in the complaint, [a court] need not accept *those* allegations as true." *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2014) (emphasis added) (cleaned up). Plaintiff further argues that "because 'a court may assume an incorporated document's contents are true for purposes of a motion to dismiss,' [*Garcia v. J2 Glob., Inc.*, No. 2:20-cv-06096-FLA (MAAx), 2021 U.S. Dist. LEXIS 78853, at *14 (C.D. Cal. Mar. 5, 2021)], the Court can and should accept as true the statements in each [Defendant] response that 'all the alleged infringing videos notified by you have been taken down.'" (Mot. 6

(quoting Compl. Ex. A *passim*).) But, of course, it is "improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Garcia*, 2021 U.S. Dist. LEXIS 78853, at *14 (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018)). "This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Khoja*, 899 F.3d at 1003. Thus, the Court declines to treat as true Defendant's responses that "all the alleged infringing videos . . . have been taken down."

The parties also spent ample space briefing Defendant's compliance with the DMCA. (*See* Opp'n 10–20; Reply 2–6.) But the "DMCA's safe harbors are affirmative defenses and not relevant to whether Plaintiff has adequately plead a claim for copyright infringement." *Nintendo of Am., Inc. v. Storman*, No. CV 19-7817-CBM-RAO(x), 2020 WL 2463374, at *3 (C.D. Cal. Jan. 15, 2020) (footnote omitted); *see also Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1039 (9th Cir. 2013) (treating DMCA safe harbors as affirmative defenses). Affirmative defenses "can serve as the basis for dismissing a complaint at the pleadings stage under Rule 12(b)(6) only when the elements of the defense appear *on the face of the complaint*." *Puri v. Khalsa*, 844 F.3d 1152, 1158 (9th Cir. 2017). That is not true here.

The DMCA shields internet service providers from liability for the copyright infringement of their users if certain conditions are met. *See* 17 U.S.C. § 512(c)(1) ("A service provider shall not be liable . . . for infringement of copyright by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider . . . ."). A service provider is only eligible for the safe harbor if it:

> (A) has adopted and reasonably implemented, and informs subscribers and account holders of the service provider's system or network of, a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers; and
> (B) accommodates and does not interfere with standard technical measures.

17 U.S.C. § 512(*i*)(1). Further, a service provider's liability is exterminated only if it:

> (A)
>> (i) does not have actual knowledge that the material or an activity using the material on the system or the network is infringing;
>> (ii) in the absence of such knowledge, is not aware of facts or circumstances from which infringing activity is apparent; or
>> (iii) upon obtaining such knowledge or awareness, acts expeditiously to remove, or disable access to, the material;
>
> (B) does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity; and
>
> (C) upon notification of claimed infringement . . . , responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity.

17 U.S.C. § 512(c)(1). Finally, "limitations on liability . . . apply to a service provider only if the service provider has designated an agent to receive notifications of claimed infringement." 17 U.S.C. § 512(c)(2).

Whether Defendant meets these elements is an intensely factual question, the answer to which is not obvious from the pleadings. *See Williams v. Scribd, Inc.*, No. 09cv1836-LAB (WMc), 2010 WL 10090006, at *3–4 (N.D. Cal. June 23, 2010) (declining to resolve safe harbor defense upon Rule 12 motion). The Court declines to resolve these questions now. Defendant may renew the argument that it is protected by DMCA safe harbors in a motion for summary judgment.

/ / /

/ / /

## IV. CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Defendant's motion to dismiss. Plaintiff's first cause of action is dismissed without leave to amend. On its own motion, the Court also dismisses without leave to amend Plaintiff's first cause of action against Defendant Joyy. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742–43 (9th Cir. 2008). Defendant shall answer the 4AC within 14 days. Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**