# EXHIBIT E

GREENBERG TRAURIG, LLP
IAN C. BALLON (SBN 141819)
REBEKAH S. GUYON (SBN 291037)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 310-586-7700
Facsimile: 310-586-7800
E-mail: *Ballon@gtlaw.com*
*GuyonR@gtlaw.com*

GREENBERG TRAURIG, LLP
DAVID S. BLOCH (SBN 184530)
101 Second Street, Suite 2200
San Francisco, CA 94105
Telephone: 415-590-5110
Facsimile: 415-707-2010
Email: *Blochd@gtlaw.com*

Attorneys for defendant
BIGO Technology Limited

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

BMG RIGHTS MANAGEMENT (US) LLC, a Delaware limited liability company,

Plaintiff,

v.

JOYY INC., a Delaware corporation; BIGO TECHNOLOGY LIMITED, a Delaware corporation, and DOES 1 through 25, inclusive,

Defendants.

Case No. 2:22-cv-01578-MCS-RAO

Assigned to Hon. Mark C. Scarsi

**DEFENDANT BIGO TECHNOLOGY LIMITED'S OBJECTIONS AND RESPONSES TO BMG FIRST SET OF INTERROGATORIES**

**PROPOUNDING PARTY:** **BMG Rights Management (US) LLC**

**RESPONDING PARTY:** **Bigo Technology Ltd.**

**SET NO.:** **One**

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Local Rules of the Central District of California, Bigo Technology Limited, by and through its attorneys, hereby objects and responds to BMG Rights Management's First Set of Interrogatories to Defendant Bigo Technology Limited dated June 20, 2024.

## GENERAL OBJECTIONS

Bigo responds and objects to the Interrogatories as set forth below. The following General Objections shall be applicable to, and shall be incorporated by reference in, Bigo's response to each Interrogatory, whether or not mentioned expressly in any particular response. Bigo does not waive any of its General Objections by stating specific responses and objections to any particular Interrogatories or by failing to repeat a General Objection.

Bigo objects to each Interrogatory to the extent it seeks to impose any burdens inconsistent with or in addition to Bigo's obligations under the applicable rules, including the Federal Rules of Civil Procedure, the Local Rules for the Central District of California, or any order of this Court.

Bigo objects to each Interrogatory to the extent it seeks information that is protected under, the attorney-client privilege, the work product immunity doctrine, common-interest privilege, and/or any other applicable privilege, prohibition, limitation, or immunity from disclosure. Inadvertent production of such information shall not constitute a waiver of any applicable privilege, doctrine, immunity, or objection including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, proportionality, work product, privilege, and/or admissibility as evidence.

Bigo objects to the Interrogatories to the extent they seek information that is confidential or proprietary. To the extent any of the Interrogatories call for Bigo's

confidential or proprietary information or documents, Bigo will disclose such information and documents pursuant to a Protective Order entered in this case.

Bigo objects to each Interrogatory to the extent it calls for the production of documents or things not in Bigo's possession, custody, or control and/or not obtainable by means of a reasonably diligent search.

Bigo objects to each Interrogatory to the extent it seeks information that is already in Plaintiff's possession or available from a public source.

Bigo objects to each Interrogatory to the extent it seeks "all" or "any" information or "all facts" relating to the subject of the Request. *See, e.g.*, *Henry v. Morgan's Hotel Group, Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016); *Cole v. Asurion Corp.*, 2009 WL 10669761, at *5 (C.D. Cal. Aug. 4, 2009); *Mancini v. Ins. Corp. of New York,* 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009).

Bigo objects to Plaintiff's definition of "BIGO," "You" and/or "Your" as overly broad to the extent it covers non-parties. Bigo construes these terms to mean and be limited to Bigo Technology Limited and will provide information as it exists within the relevant business records of Bigo Technology Limited.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

What entity processes credit card charges incurred by users of the Likee app and platform.

**RESPONSE TO INTERROGATORY NO. 1:**

Bigo objects that it does not own or control the Likee app, and thus lacks information sufficient to answer this Interrogatory. In addition, Bigo does not own, control, or have the ability to compel information from the owner and operator of the Likee app, which is an independent sibling corporation in the same family tree and which is based in Singapore. Bigo has asked the owner and operator of the Likee app if it is willing to voluntarily share this information, and the owner and operator has declined to voluntarily provide it in the context of BMG's lawsuit against Bigo.

**INTERROGATORY NO. 2:**

Name the bank account and state in which country that account is located that is used by Likee to process financial transactions related to the Likee app and platform?

**RESPONSE TO INTERROGATORY NO. 2:**

Bigo objects that it does not own or control the Likee app, and thus lacks information sufficient to answer this Interrogatory. In addition, Bigo does not own, control, or have the ability to compel information from the owner and operator of the Likee app, which is an independent sibling corporation in the same family tree and which is based in Singapore. Bigo has asked the owner and operator of the Likee app if it is willing to voluntarily share this information, and the owner and operator has declined to voluntarily provide it in the context of BMG's lawsuit against Bigo.

**INTERROGATORY NO. 3:**

What company paid the developers who created the Likee app?

**RESPONSE TO INTERROGATORY NO. 3:**

Bigo objects that it does not own or control the Likee app, and thus lacks information sufficient to answer this Interrogatory. In addition, Bigo does not own, control, or have the ability to compel information from the owner and operator of the Likee app, which is an independent sibling corporation in the same family tree and which is based in Singapore. Bigo has asked the owner and operator of the Likee app if it is willing to voluntarily share this information, and the owner and operator has declined to voluntarily provide it in the context of BMG's lawsuit against Bigo.

**INTERROGATORY NO. 4:**

What statements does Likee make in the app or in its advertising, or interface with users about the importance of using music as part of their uploaded video?

**RESPONSE TO INTERROGATORY NO. 4:**

Bigo objects that it does not own or control the Likee app, and thus lacks information sufficient to answer this Interrogatory. In addition, Bigo does not own, control, or have the ability to compel information from the owner and operator of the

Likee app, which is an independent sibling corporation in the same family tree and which is based in Singapore.

Bigo further objects that this information is equally available to BMG, because the Likee app is publicly available for download and use.

Lastly, Bigo objects that this interrogatory is incomprehensible as phrased (and hence cannot be answered) with respect to the phrase "the importance of using music as part of their uploaded video."

**INTERROGATORY NO. 5:**

Name the address to which take down notices or legal notices of infringing content were to be sent for each of the last five years?

**RESPONSE TO INTERROGATORY NO. 5:**

Bigo objects to this interrogatory as incomprehensible. Bigo objects that it does not own or control the Likee app, and thus lacks information sufficient to answer this Interrogatory. In addition, Bigo does not own, control, or have the ability to compel information from the owner and operator of the Likee app, which is an independent sibling corporation in the same family tree and which is based in Singapore.

Bigo further objects that the information sought with respect to the Likee app is equally available to BMG. Publicly available information from likee.com indicates that legal notices are to be sent to copyright@likee.video.

Insofar as the interrogatory instead seeks information about the Bigo Live app (despite the fact that Bigo Live is not identified anywhere in the Fourth Amended Complaint), Bigo objects that Bigo Live is operated by an affiliate. Publicly available information from https://www.bigo.tv indicates that legal notices are to be sent to legal@bigo.tv.

**INTERROGATORY NO. 6:**

Does Likee have its own in-house legal department? If they do not, which lawyers handle their legal issues and what is the company for which they work?

//

**RESPONSE TO INTERROGATORY NO. 6:**

Bigo objects that it does not own or control the Likee app, and thus lacks information sufficient to answer this Interrogatory. In addition, Bigo does not own, control, or have the ability to compel information from the owner and operator of the Likee app, which is an independent sibling corporation in the same family tree and which is based in Singapore. Accordingly, Bigo lacks information sufficient to respond to this interrogatory.

**INTERROGATORY NO. 7:**

Is Bigo incorporated in California and is it in good standing?

**RESPONSE TO INTERROGATORY NO. 7:**

Bigo objects that this interrogatory is compound. Without waiving these or any other objections, no, Bigo is not a California corporation. Rather, Bigo Technology Ltd. was incorporated in Delaware.

Bigo is not in good standing. Bigo Technology Ltd. dissolved March 15, 2022. Because this was after BMG filed its lawsuit, the Bigo entity has continued to participate in this lawsuit as a defunct corporation but has no other business activities.

**INTERROGATORY NO. 8:**

Name the persons on the Bigo board of directors over the last five years?

**RESPONSE TO INTERROGATORY NO. 8:**

Bigo incorporates by reference its response to Interrogatory No. 7 and objects further that this interrogatory seeks information outside the scope of discovery and not relevant to any issue in this case, in that it seeks information for "the last five years" (*i.e.*, back to 2019) while BMG's lawsuit was filed in 2022. Accordingly, Bigo will only respond to the interrogatory for the period 2022-present. In 2022, the sole member of Bigo's Board of Directors was James Wang. Since the company's dissolution, there are no directors.

**INTERROGATORY NO. 9:**

Where is Likee incorporated? Is it incorporated? If so, name the persons who have sat on its board over the last five years.

**RESPONSE TO INTERROGATORY NO. 9:**

Bigo objects to this interrogatory as incomprehensible. As far as Bigo knows and understands, Likee is an app, not a corporation.

**INTERROGATORY NO. 10:**

Describe how a Likee user can upload music for a video posted on Likee? In other words, what technology does Likee make available to the user to allow for such an upload of music, and list this for each of the last five years.

**RESPONSE TO INTERROGATORY NO. 10:**

Bigo objects that it does not own or control the Likee app, and thus lacks information sufficient to answer this Interrogatory. In addition, Bigo does not own, control, or have the ability to compel information from the owner and operator of the Likee app, which is an independent sibling corporation in the same family tree and which is based in Singapore.

Bigo further objects that this information is equally available to BMG, because the Likee app is publicly available for download and use, and hence all information about "how a Likee user can upload music for a video posted on Likee" is publicly available.

**INTERROGATORY NO. 11:**

Since Likee identifies songs for which it has a license, what does Likee do to prevent its users from uploading songs for which Likee or Bigo does not have a license.

**RESPONSE TO INTERROGATORY NO. 11:**

Bigo objects that it does not own or control the Likee app, and thus lacks information sufficient to answer this Interrogatory. In addition, Bigo does not own, control, or have the ability to compel information from the owner and operator of the Likee app, which is an independent sibling corporation in the same family tree and which is based in Singapore. So Bigo cannot say what Likee does "to prevent its users from uploading songs for which ... Bigo does not have a license."

Bigo further objects that this interrogatory seeks information about music licensed *by Bigo*. The Court has dismissed with prejudice BMG's claims of direct copyright

infringement. ECF 99. Accordingly, whether Bigo possesses a license to a particular musical composition is irrelevant, not calculated to lead to relevant or discoverable information, and is more burdensome than probative under Rule 26.

Lastly, Bigo notes that the Likee app is publicly available for download and its terms of service are public. They may be found here: https://likee.video/copyright. Those materials direct in part that any use of the Likee service "shall ensure that you have the rights to upload to Likee any content under applicable law of your residence and such content shall not infringe the rights of any third parties and such content shall not violate any applicable laws and/or regulations," and notes that "Likee reserves the right, with or without notice, at any time and in our sole discretion to block access to and/or terminate the accounts of any user who infringes any copyrights, trademark or other intellectual property rights." In addition, "As a User of Likee, you shall be responsible for what you upload. Any doubts regarding copyright law or trademark law, such as not sure whether some materials infringe others' intellectual property right, you may need to seek for legal advice and then submit the claim to us."

**INTERROGATORY NO. 12:**

Name the developers who created the section of the Likee platform known as "The Creator's Academy." Who employed each developer, and name the company that hired and paid those developers?

**RESPONSE TO INTERROGATORY NO. 12:**

Bigo objects that it does not own or control the Likee app, and thus lacks information sufficient to answer this Interrogatory. In addition, Bigo does not own, control, or have the ability to compel information from the owner and operator of the Likee app, which is an independent sibling corporation in the same family tree and which is based in Singapore.

//

//

//

**INTERROGATORY NO. 13:**

List all the forms of advertisements for the Likee platform and state which company paid for that advertising, and state who created the advertising and the name of the company for which they are employed?

**RESPONSE TO INTERROGATORY NO. 13:**

Bigo objects that it does not own or control the Likee app, and thus lacks information sufficient to answer this Interrogatory. In addition, Bigo does not own, control, or have the ability to compel information from the owner and operator of the Likee app, which is an independent sibling corporation in the same family tree and which is based in Singapore.

**INTERROGATORY NO. 14:**

Who created the Likee advertising found on the billboards on the sides of buses that travel through California? Who paid those who created this advertising and name the company that employs each.

**RESPONSE TO INTERROGATORY NO. 14:**

Bigo objects that it does not own or control the Likee app, and thus lacks information sufficient to answer this Interrogatory. In addition, Bigo does not own, control, or have the ability to compel information from the owner and operator of the Likee app, which is an independent sibling corporation in the same family tree and which is based in Singapore.

**INTERROGATORY NO. 15:**

What are the types of "in app purchases" found within the Likee platform over the last five years, and when a charge is incurred by a user into what companies bank account does that money go and answer this for the past five years.

**RESPONSE TO INTERROGATORY NO. 15:**

Bigo objects that it does not own or control the Likee app, and thus lacks information sufficient to answer this Interrogatory. In addition, Bigo does not own, control, or have the ability to compel information from the owner and operator of the

Likee app, which is an independent sibling corporation in the same family tree and which is based in Singapore.

**INTERROGATORY NO. 16:**

Please list each letter, by date and author and manner sent back to in-house counsel at BMG where Bigo stated that the letter needed to instead to be sent to legal counsel for Likee.

**RESPONSE TO INTERROGATORY NO. 16:**

Bigo objects to this interrogatory as incomprehensible. All of the takedown notices at issue in this case and identified in BMG's Fourth Amended Complaint (ECF 71-1 at 6-192) were directed to copyright@likee.video and Likeme Pte. Ltd., not Bigo, and each response originated from Likee Team at the email address copyright@likee.video. Thus, there was no opportunity (and no obligation) for *Bigo* to inform in-house counsel at BMG that a particular takedown notice was misdirected.

**INTERROGATORY NO. 17:**

List all licenses that Bigo or Likee have secured for the use of any copyrighted musical composition.

**RESPONSE TO INTERROGATORY NO. 17:**

Bigo objects that it does not own or control the Likee app, and thus lacks information sufficient to answer this Interrogatory. In addition, Bigo does not own, control, or have the ability to compel information from the owner and operator of the Likee app, which is an independent sibling corporation in the same family tree and which is based in Singapore.

Bigo further objects that this interrogatory seeks information about musical compositions licensed *by Bigo*. However, the Court has dismissed with prejudice BMG's claims of direct copyright infringement. ECF 99. Accordingly, whether Bigo possesses a license to a particular musical composition is irrelevant, not calculated to lead to relevant or discoverable information, and is more burdensome than probative under Rule 26.

**INTERROGATORY NO. 18:**

List each communication by email, regular mail or other written form received by Bigo from BMG where BMG alleged that copyrighted songs the rights to which it was administering for the creators of those songs were copied and published on the Likee stie in violation of Federal Copyright law.

**RESPONSE TO INTERROGATORY NO. 18:**

Bigo objects to this interrogatory as incomprehensible. Bigo is not presently aware of any takedown notices to Likee that were erroneously sent to Bigo, and indeed is not aware of any BMG takedown notices to Bigo.

Bigo is aware that BMG sent an October 2020 email to feedback@likee.video, enclosing a letter directed to Bigo Technology Pte. Ltd. of Singapore (*not* Bigo Technology Ltd., a Delaware corporation). That October 2020 email and enclosed letter does not identify any copyrighted songs, nor does it suggest any issues relating to Bigo. *See* ECF 71-1 at 2-5.

All of the takedown notices at issue in this case and identified in BMG's Fourth Amended Complaint (ECF 71-1 at 6-192) were directed to copyright@likee.video or Likeme Pte. Ltd., not Bigo, and each response originated from "Likee Team" from the email account copyright@likee.video.

**INTERROGATORY NO. 19:**

Does any entity such as Bigo or any parent company or affiliated company sell the data related to users who download the Likee app? Which entity makes those sales?

**RESPONSE TO INTERROGATORY NO. 19:**

Bigo objects that it does not own or control the Likee app, and thus lacks information sufficient to answer this Interrogatory. In addition, Bigo does not own, control, or have the ability to compel information from the owner and operator of the Likee app, which is an independent sibling corporation in the same family tree and which is based in Singapore.

Bigo does not possess and therefore does not sell data related to users who download the Likee app.

**INTERROGATORY NO. 20:**

List all steps taken by Likee, Bigo, or any parent company or affiliated company to address the infringement occurring on Likee alleged by BMG as set forth in paragraph of the proposed 5th Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 20:**

The Court denied BMG's motion to file the proposed Fifth Amended Complaint. ECF 114. The allegations in that proposed pleading are therefore irrelevant, and BMG is not entitled to take discovery about them.

**INTERROGATORY NO. 21:**

List all policies applying to the Likee app that addresses users who are repeated infringers in the use of music in connection with their uploaded videos, in place at any time over the past five years.

**RESPONSE TO INTERROGATORY NO. 21:**

Bigo objects that it does not own or control the Likee app, and thus lacks information sufficient to answer this Interrogatory. In addition, Bigo does not own, control, or have the ability to compel information from the owner and operator of the Likee app, which is an independent sibling corporation in the same family tree and which is based in Singapore.

Bigo notes further that the Likee app is publicly available for download and its terms of service are public. They may be found here: https://likee.video/copyright. Those materials direct in part that "Any User content which infringes intellectual property of any third party would be deleted. Your account may be suspended or terminated as a result of violation of multiple infringement or other breaching of terms of service and any community guideline issued by Likee from time to time." It further states that "Likee reserves the right, with or without notice, at any time and in our sole

discretion to block access to and/or terminate the accounts of any user who infringes any copyrights, trademark or other intellectual property rights."

**INTERROGATORY NO. 22:**

State for each of the last five years the repeat infringer policy that any company in control of or affiliated with Likee adopted to address repeated infringements on the Likee platform.

**RESPONSE TO INTERROGATORY NO. 22:**

Bigo incorporates by reference its response to Interrogatory No. 21, above, and further states that, insofar as the interrogatory seeks information about the repeat-infringer policy for the Bigo Live app (which is operated by a Bigo affiliate) on the theory that Bigo Live is "affiliated with" the Likee app, that policy is publicly available and can be found at https://www.bigo.tv.

**INTERROGATORY NO. 23:**

Name the developers who created the splash page found on the Likee app and state who made the decision to incorporate a splash page on the Likee app and state their reasons for so doing.

**RESPONSE TO INTERROGATORY NO. 23:**

Bigo objects that it does not own or control the Likee app, and thus lacks information sufficient to answer this Interrogatory. In addition, Bigo does not own, control, or have the ability to compel information from the owner and operator of the Likee app, which is an independent sibling corporation in the same family tree and which is based in Singapore. Bigo also objects that the term "splash page" is vague and ambiguous. In conventional parlance, a splash page is merely the introductory page on a commercial website (*e.g.*, https://www.wix.com/blog/what-is-splash-page), and hence is an integral feature of the Likee (or any other commercial) website.

**INTERROGATORY NO. 24:**

Identify who owns the trademark for the Likee logo.

//

**RESPONSE TO INTERROGATORY NO. 24:**

Bigo objects that it does not own or control the Likee app, and thus lacks information sufficient to answer this Interrogatory. In addition, Bigo does not own, control, or have the ability to compel information from the owner and operator of the Likee app, which is an independent sibling corporation in the same family tree and which is based in Singapore.

Bigo further objects that the phrase "the Likee logo" is vague and ambiguous, in that there are multiple logos for the word "Likee."

Without waiving these or any other objections, Bigo responds as follows based on publicly available information from https://tmsearch.uspto.gov/search/search-results (July 3, 2024), which shows 5 registered trademarks for the word or logo LIKEE:

- U.S. Reg. No. 6688916 – Guangshou Huanmao Business Service Co., Ltd.
- U.S. Reg. No. 6688934 – Guangshou Huanmao Business Service Co., Ltd.
- U.S. Reg. No. 5462487 – Guangshou Huanmao Business Service Co., Ltd.
- U.S. Reg. No. 6989839 – Guangshou Huanmao Business Service Co., Ltd.
- U.S. Reg. No. 6291103 – Likeme Pte. Ltd.

**INTERROGATORY NO. 25:**

Describe the relationship between BIGO and JOYY.

**RESPONSE TO INTERROGATORY NO. 25:**

Bigo understands "JOYY" to refer to JOYY Inc. a Delaware corporation. Bigo has no relationship with this entity and has never had a relationship with this entity, which according to publicly available records was incorporated in 2015 and dissolved in 2018, before this lawsuit was filed.

Bigo understands further that BMG believes Bigo and JOYY are related to each other and to the Likee app based on Wikipedia pages for Bigo Live and Likee. *See* BMG Response to Interrogatory No. 2. Bigo did not create or edit those Wikipedia entries, does not claim them as official Bigo records, did not authorize their creation, and takes no responsibility for their contents.

**INTERROGATORY NO. 26:**

Describe the financial relationship between Bigo and JOYY.

**RESPONSE TO INTERROGATORY NO. 26:**

Bigo objects that this interrogatory exceeds the numerical limits on interrogatories set by Federal Rule of Civil Procedure 33(a)(1).

**INTERROGATORY NO. 27:**

Describe the relationship between Bigo and Likee.

**RESPONSE TO INTERROGATORY NO. 27:**

Bigo objects that this interrogatory exceeds the numerical limits on interrogatories set by Federal Rule of Civil Procedure 33(a)(1).

**INTERROGATORY NO. 28:**

Describe the relationship between Bigo and Likeme.

**RESPONSE TO INTERROGATORY NO. 28:**

Bigo objects that this interrogatory exceeds the numerical limits on interrogatories set by Federal Rule of Civil Procedure 33(a)(1).

**INTERROGATORY NO. 29:**

Describe the level of control Bigo exercises over Likee operation.

**RESPONSE TO INTERROGATORY NO. 29:**

Bigo objects that this interrogatory exceeds the numerical limits on interrogatories set by Federal Rule of Civil Procedure 33(a)(1).

**INTERROGATORY NO. 30:**

Identify whether YOU have secured a direct public performance license from ASCAP, BMI, SESAC, GMR, or ANY performance rights organization that represents the interests of US-based songwriters.

**RESPONSE TO INTERROGATORY NO. 30:**

Bigo objects that this interrogatory exceeds the numerical limits on interrogatories set by Federal Rule of Civil Procedure 33(a)(1).

//

**INTERROGATORY NO. 31:**

Identify whether YOU have applied for a direct public performance license from ASCAP, BMI, SESAC, GMR, or ANY performance rights organization that represents the interests of US-based songwriters.

**RESPONSE TO INTERROGATORY NO. 31:**

Bigo objects that this interrogatory exceeds the numerical limits on interrogatories set by Federal Rule of Civil Procedure 33(a)(1).

**INTERROGATORY NO. 32:**

Do YOU allege to have a license from any rights holder(s) in relation to the exclusive rights in and to those musical compositions owned, administered or otherwise controlled by BMG.

**RESPONSE TO INTERROGATORY NO. 32:**

Bigo objects that this interrogatory exceeds the numerical limits on interrogatories set by Federal Rule of Civil Procedure 33(a)(1).

DATED: July 22, 2024

GREENBERG TRAURIG, LLP

By */s/ David S. Bloch*
Ian C. Ballon
Rebekah S. Guyon
David S. Bloch
Attorneys for defendant Bigo Technology Limited

**Verification**

I, Amadeus Huang Zhen, am Senior Legal Counsel for Bigo Technology Pte. Ltd. and am acting on behalf of its affiliate, defendant Bigo Technology Ltd., in this action. I have reviewed Bigo Technology Ltd.'s Objections & Responses to BMG's Interrogatories, Set One, and know its contents. I certify that the responses are true of my own knowledge, except as to the matters which are therein stated upon my information or belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 22, 2024, in Singapore.

__________________________
Amadeus Huang Zhen

# PROOF OF SERVICE

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 101 Second Street, Suite 2200, San Francisco, California 94105.

On July 22, 2024, I served **DEFENDANT BIGO TECHNOLOGY LIMITED'S OBJECTIONS AND RESPONSES TO BMG FIRST SET OF INTERROGATORIES**, on the interested parties, addressed as follows:

Gerard P. Fox
Brent J. Lehman
Kathy Lunn
Gerard Fox Law P.C.
1880 Century Park East, Suite 1420
Los Angeles, California 90067
Tel: 310-441-05000 / Fax: 310-441-4447
Email: gfox@gerardfoxlaw.com
blehman@gerardfoxlaw.com
klunn@gerardfloxlaw.com

Attorneys for Plaintiff
BMG Rights Management

The document was served by the following means:

☒ **(BY ELECTRONIC MAIL)**
I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

☐ **(BY MAIL)**

☐ I deposited such envelope in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

☐ I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☐ **(BY OVERNIGHT DELIVERY)** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 22, 2024 at San Francisco, California.

*/s/ Thelma Tannis*
Thelma Tannis