UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, a Delaware limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOYY INC., a Delaware corporation; BIGO TECHNOLOGY LIMITED, a Delaware corporation, and DOES 1 through 25, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-01578-MCS-RAO<br><br>**ORDER RE: MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE (ECF NOS. 145, 147)** |

1

Defendant Bigo Technology Limited filed a motion for summary judgment on the claims of Plaintiff BMG Rights Management (US) LLC. (Mot., ECF No. 147.) Plaintiff opposed, (Opp'n, ECF No. 154), and Defendant replied, (Reply, ECF No. 155). After Defendant filed its motion, Plaintiff moved to amend its complaint to add additional Defendants, (Mot. to Am., ECF No. 152), which the Court denied, (Order Re: Mot. to Am., ECF No. 153). The Court deems Defendant's motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

I.   **BACKGROUND**

Plaintiff, a music publisher, alleges that Defendants Bigo Technology Limited and Joyy Inc.[1] are liable for copyright infringement related to an app called Likee. Defendant provides evidence that it does not control or operate the Likee app. (Statement of Genuine Disputes of Material Fact ("GDMF") ¶¶ 5, 8, ECF No. 154-1.) Plaintiff disagrees, and claims that Defendant is in some way involved in the operation of the app. (*Id.*)

II.   **LEGAL STANDARD**

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing law, the resolution of that fact might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex*, 477 U.S. at 322–23, and the court must view the facts

---

[1] Joyy Inc. has not appeared in this action. Unless otherwise specified, this Order uses "Defendant" to refer to Bigo.

2

and draw reasonable inferences in the light most favorable to the nonmoving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007). To meet its burden,

> [t]he moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000). Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). There is no genuine issue for trial where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. *Id.* at 587.

## III. DISCUSSION

"Summary judgment should be granted for the defendant if undisputed facts show that a plaintiff has named the wrong party as the defendant." *Evans v. BBG Commcn's, Inc.*, No. 10-CV-542 H (NLS), 2011 U.S. Dist. LEXIS 174416, at *4–5 (S.D. Cal. Mar. 2, 2011) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). For the reasons below, the Court concludes that Plaintiff incorrectly sued Defendant and is now invoking unpleaded theories of liability in an attempt to survive summary judgment. Therefore, summary judgment is warranted.

Plaintiff offers virtually no evidence that Defendant is the owner or operator of the Likee app. Indeed, in response to Bigo's evidence[2] that it "has never owned,

---

[2] In the GDMF, the parties refer to Defendant as "Bigo US."

3

controlled, or otherwise operated the Likee App," Plaintiff cites nonresponsive deposition testimony that merely affirms that its representative complied with discovery obligations, as well as ten exhibits that do not create a triable issue of fact on the issue of Likee's ownership. (*Id.* ¶ 8.) Similarly, in response to Defendant's assertion that the Likee app is owned and operated by Likeme Pte. Ltd., Plaintiff sidesteps and claims that Likeme Pte. Ltd. "is just a company sprouted out after this lawsuit . . . that does not carry out the functions necessary to run the Likee App in the United States." (*Id.* ¶ 5.) Again, Plaintiff cites the same ten exhibits spanning nearly 200 pages without explaining precisely how the exhibits rebut Defendant's evidence. *See* Fed. R. Civ. P. 56(c)(1)(A) (requiring party to support its position by "citing to *particular parts of materials* in the record" (emphasis added)); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Moreover, Defendant's evidence that it never received a takedown notice is again only rebutted with nonresponsive deposition testimony. (GDMF ¶ 9.) Even when considering all the facts in the light most favorable to Plaintiff, the Court is not convinced that there is a triable issue of material fact as to whether Defendant controls the Likee app or is liable for Plaintiff's claims in this case. At best, the documents Plaintiff offers in support of its position show Defendant has some relation to the entity or entities that may own or control the Likee app.

Plaintiff tries to convince the Court that the corporate relationships between entities in this case are "convoluted, vast and so confusing" such that all Plaintiff can ascertain is that "[i]t appears that maybe at some point, some hand that runs these companies might have moved the work being done by [Defendant] to another company or at least some paper company in Singapore." (Opp'n 9, 11.) However, such speculative statements backed by virtually no evidence are not sufficient to survive summary judgment. *See Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003) (the nonmoving party "cannot defeat summary judgment . . . with unsupported conjecture or conclusory statements"). Moreover, Plaintiff's position is

further weakened by its recent motion to amend, which asked the Court to allow amendment to add additional defendants who "may be companies that answer to the actions of the Likee app." (Mot. to Am. 1–2.) This statement all but concedes that Defendant (and potentially Joyy Inc., as well) is not the correct party in this lawsuit.

Throughout its opposition, Plaintiff also employs other theories of liability to evade summary judgment. (Opp'n 11–18.) These include arguments that the single enterprise rule should apply, that the Court should not excuse a company who suspends operations to escape liability, and that successor liability rules apply. (*Id.*) None of these theories are alleged in the complaint, so Plaintiff cannot use them to escape summary judgment. *See, e.g.*, *La Asociacion De Trabajadores De Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010) ("NDLON may not effectively amend its Complaint by raising a new theory . . . in its response to a motion for summary judgment."); *Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 968–69 (9th Cir. 2006) (affirming district court's rejection of unpleaded theories of claim presented in summary judgment briefing); *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings." (internal quotation marks omitted)). Even if they were pleaded, they are unavailing. First, Plaintiff does not provide sufficient evidence to create a triable issue as to whether Defendant is an alter ego of any third party that controls the Likee app such that the single enterprise rule would apply. Indeed, Magistrate Judge Oliver reviewed this issue and determined that Plaintiff has not provided any evidence that would support a single enterprise theory. (Order Re: Discovery Dispute 3, ECF No. 142.) Plaintiff has not adduced any new evidence or argument since Judge Oliver's ruling. Similarly, aside from a recitation of the law, Plaintiff does not offer any evidence that Defendant suspended its operations in order to evade liability. (Opp'n 13–16.) Finally, Plaintiff does not present evidence to raise a triable issue as to successor liability; instead, it argues Defendant should not escape liability because it has obfuscated its relationship to the Likee app. (*Id.* at 16–18.)

Plaintiff effectively asks the Court to impose liability as a discovery sanction, but it is too late for that. (*See* Order Re: Jury Trial § I(A)(1), ECF No. 10 (requiring motions concerning discovery to be raised by the discovery cut-off).)

      For the reasons above, the Court concludes that Plaintiffs improperly named Defendant in this suit, and therefore summary judgment is warranted. *Evans*, 2011 U.S. Dist. LEXIS 174416, at *4–5. As a final note, the Court addresses Plaintiff's claims that Defendant has "create[ed] intricate legal façades" designed to fool the Court and Plaintiff, (*id.* at 16), engaged in "gamesmanship," (*id.*), and is employing "unfair and unjust" actions to complicate the case, (*id.* at 18). Plaintiff also tells the Court, "a more careful look is required by the judge and its clerks, and the truth of what has taken place must become evident and justice provided, not merely the processing of a case." (*Id.* at 18.) Plaintiff's grievances are improper and unavailing, and they are certainly no substitute for the evidence required to survive summary judgment. This case has been pending for almost three years, and the Court has afforded Plaintiff four opportunities to amend its complaint and take a "careful look" at the facts itself. The burden is upon Plaintiff to prosecute this case, and it cannot blame the Court or Defendant for its own shortcomings. See *Johnson*, 975 F.2d at 610 (affirming summary judgment in favor of defendant and stating that a plaintiff's failure to name the correct party was due to plaintiff's own failure to conduct diligent discovery).

///

## IV. CONCLUSION

The Court grants Defendant's motion for summary judgment. The Court denies Defendant's motion to strike (ECF No. 145) as moot. Joyy Inc. remains a named defendant in this case, and the Court does not find cause to render an incomplete judgment pertaining to Bigo at this time. *See* Fed. R. Civ. P. 54(b). However, Joyy has not appeared, and Plaintiff has not moved for entry of default aside from a deficient request in 2022, (Notice of Deficiency, ECF No. 46). Moreover, upon a review of the record, the Court is skeptical that Joyy is properly named in this suit. (Mot. to Am. 1–2.) Within seven days of this Order, the Court orders Plaintiff to show cause why the claims against Joyy should not be dismissed for lack of prosecution under Federal Rule of Civil Procedure 41(b) and why the Court should not grant summary judgment in favor of Joyy under Federal Rule of Civil Procedure 56(f). Failure to file a timely and satisfactory written response will be deemed consent to enter a judgment in favor of Joyy.

**IT IS SO ORDERED.**

Dated: January 23, 2025

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE